## The People vs. McCauley.

The act of the legislature, by which a district judge of one district is empowered to hold a district court in another district, is constitutional and valid; and a court held in pursuance of such act by a district judge in a district other than the one for which he was elected, is not, for that reason, improperly organized.

This court will not review on appeal, any irregularities of a mere technical character occurring in the progress of a trial in the district court, where no objection was raised at the time, and where such irregularities do not appear to have affected the administration of justice.

Affidavits, on which a motion to change the place of trial in a criminal case is founded, must state the *facts and circumstances* from which the conclusion is deduced that a fair and impartial trial cannot be had in the county in which the indictment was found: a statement, in *general terms*, that a fair and impartial trial cannot be had, or a statement that the deponent verily *believes* that a fair and impartial trial cannot be had *on account* of popular excitement and false reports, is insufficient.

A person is not disqualified from sitting as a juror on the trial of a criminal cause, on account of his having formed and expressed an opinion from reports, when he declares, and the court is satisfied from his examination, that he can sit on the jury without bias, that evidence can change his opinion, and that he will be governed by the evidence. To exclude a juror on the ground of implied bias, under the criminal code of this state, he must have formed or expressed an *unqualified opinion*

*or belief* that the prisoner is guilty of the offense charged, and upon this question, it is for the court to determine both the law and the fact.

The charge of a judge to a jury should be given with reference to the testimony adduced on the trial; and where the charge is returned on appeal, but no portion of the testimony, this court will not undertake to determine as to the correctness or incorrectness of the charge.

APPEAL from the district court of the seventh judicial district. The facts, so far as the points of law decided in the case are concerned, are sufficiently stated in the opinion of the court.

*John A. McDougall,* (attorney general,) for the people.

*Gregory Yale* and *Mr. Lee,* for defendant.

*By the Court,* BENNETT, J.  The defendant was convicted of the crime of murder at the March term of the district court held in and for the county of Napa, and from the judgment rendered on such conviction an appeal is taken to this court. Numerous causes have been urged by counsel for the appellant, as constituting error in the proceedings of the district court, some of which are plausible, but none of which do we deem tenable.

The first point made by the appellant is, that the judge before whom the cause was tried had no authority to preside at the trial, and that, consequently, all the proceedings before him were *coram non judice* and void.  This objection is based upon the assumption that the judge, who is conceded to be the legally appointed and qualified judge for the ninth judicial district, had no power to exercise any of the functions of his office beyond the limits of his own district.  The argument in support of this proposition is urged upon constitutional grounds solely. So far as statutory authority is concerned, it is not denied that the court was regularly held by an officer exercising the powers conferred upon him by an act of the legislature.  The question is, therefore, a question purely of constitutional interpretation.

Section one of Article six of the constitution declares that the judicial power of the state shall be vested in a supreme court, in district courts, in county courts, in justices of the

The People v. McCauley.

peace, and in municipal and other inferior courts which the legislature should see fit to establish. Section five of the same Article declares that the state shall be divided by the first legislature into a convenient number of districts subject to such alteration from time to time as the public good may require, for *each* of which a district judge shall be appointed by the joint vote of the legislature, at its first meeting, who shall hold his office for two years from the first day of January next after his election; after which, said judges shall be elected by the qualified electors of their respective districts, at the general election, and shall hold their office for the term of six years.

It is urged that, inasmuch as a district judge is required to be appointed for each district, the legislature can neither require nor empower him to perform any judicial duties beyond the prescribed territorial limits of his district. The reason given for this construction is, that the people of each district have the constitutional right to have justice administered between them by such judges only as they have themselves elected. This seems, however, to have been, in no respect, the intention of the constitution, for that instrument subjects the districts to " such alteration from time to time as the public " good may require." Had it been the intention of the constitution that no judge should hold a district court in any counties except in those which had participated in his election, this power to alter the districts in such manner and at such times as the legislature should deem conducive to the public good, could scarcely have been conferred. The reason given in support of the appellant's proposition, we apprehend, is overthrown by the very section of the constitution from which his argument is deduced.

Our constitution must be construed with reference to the known changes in the organic laws of the respective states. In most of the states there are district or circuit judges, having powers and jurisdiction corresponding to the powers and jurisdiction of the district judges under the constitution of this state. In some of the states, these judges are appointed by the governor by and with the advice and consent of the senate; in others,

by the legislature, and in some, they are elected by the people. The tendency of modern constitutions is to give the election of judges to the people; and this, we think, is the only change, so far as district judges are concerned, contemplated by the constitution. It was not intended to abridge the power of the legislature to prescribe the territorial extent of the jurisdiction of district judges. And it is, we believe, an almost, if not quite, universal rule in all the states, that a district judge of one district is competent to exercise the functions of his office in any other district according to the requirements of legislative provisions. Were a construction different from this to be put upon the constitution, it would lead to insupportable delays in the business of the district courts. For these reasons we think that the court was held by a competent judge. Had the court been held by a person assuming to be a district judge, but who had not been appointed or elected to office in the manner prescribed by the constitution, the case would have presented a different aspect, which it is unnecessary now to consider.

Numerous objections are raised to the proceedings on the trial, to which the answer is apparent, that no objection was made at the time, and the defendant must be deemed to have assented. Such are the objections to the empanelling of the grand jury, the indorsement of the bill of indictment by the foreman, the want of signature thereof by the district attorney, the irregularity in the arraignment of the defendant and in the summoning and empanelling of the trial jury, the form of the verdict, and the time within which the sentence was pronounced. Even if any irregularities were committed in these respects, a court of appeal cannot review them, where no objection was made to them in the court below, and more especially where this court cannot see that such irregularities affected, in the slightest degree, the administration of substantial justice.

A motion was made to change the place of trial from Nappa county to one of the adjoining counties. The motion was founded on affidavits made by the defendant and others. The defendant states in his affidavit, in general terms, that a fair

The People *v*. McCauley.

and impartial trial cannot be had in the county of Nappa, and the other deponents state that they verily *believe* that the defendant cannot have a fair and impartial trial in Nappa county, on account of the popular excitement and feeling manifested against the accused, and on account of the many false reports in circulation prejudicial to him. The court denied the motion, and properly. The sections of the " act to regulate proceedings in criminal cases," which affect this point, are as follows :

" Sec. 330. A criminal action, prosecuted by indictment, " may be removed from the court in which it is pending, on the " application of the defendant, on the ground that a fair and " impartial trial cannot be had in the county where the indict- " ment is pending.

" Sec. 331. The application must be made in open court, " and in writing, verified by the affidavit of the defendant, and " a copy must be served upon the district attorney at least one " day before the application is made to the court.

" Sec. 332. If the *court be satisfied that the representation* " *of the defendant is true*, an order shall be made for the re- " moval of the action to the nearest district court of an adjoin- " ing county which is free from the like objection."

Under this statute, we deem the affidavits upon which the application was made, entirely insufficient even to justify the court in ordering a change of the place of trial. Affidavits for such a motion must state the facts and circumstances from which the conclusion is deduced that a fair and impartial trial cannot be had. The conclusion is to be drawn by the court and not by the defendant and his witnesses, and the court must be satisfied from the facts and circumstances positively sworn to in the affidavits, and not from the general conclusions to which the defendant may swear, or which his witnesses may depose that they verily *believe* to be true. In the case at bar the court was not *satisfied* that the representation of the defendant was true ; and we are of the opinion, that no court should be satisfied of the necessity or propriety of removing the trial of an indictment from one county to another, by such

affidavits as those upon which the motion in this case was made. The decision of the court was correct, and it is immaterial whether the reasons given for such decision were sound or unsound.

Another objection raised respects the qualification of some of the persons who sat on the trial jury. Many persons, called as jurors, were peremptorily challenged by the defendant, many were rejected by the court after examination as to their qualifications, and others were permitted to be sworn and to sit on the jury, after objection by the defendant, founded upon the fact that they had formed and expressed an opinion. The jurors belonging to this latter class stated, on their examination, that they had formed and expressed an opinion from reports, but thought they could sit on the jury without bias, that evidence would change their opinion, and that they would be governed by the evidence adduced. The court properly held such persons to be competent to sit on the jury.

There is some diversity in the decided cases upon the point under consideration. But neither the English decisions, nor the decisions of any of the states, have gone so far in excluding jurors where they had formed or expressed an opinion, as the decisions of the courts of New York. (*See Ex parte Vermilyea*, 6 *Cow.* 555; *People* v. *Vermilyea*, 7 *Cow.* 108; *People* v. *Mather*, 4 *Wend.* 229; *People* v. *Jewett*, 3 *Wend.* 314; *Rogers* v. *Rogers*, 14 *id.* 131; *The People* v. *Mary Bodine*, 1 *Denio*, 281.) In the case last cited, the circuit judge ruled that, in order to disqualify a person from being a juryman, it was necessary that he should have formed a *fixed and decided opinion*, such as it would require evidence to remove. This ruling of the circuit judge was disapproved of by the supreme court, and a new trial granted upon that point in connection with some other points. The great difficulty of procuring a jury in that cause, in which more than three hundred persons were called as jurors and set aside, induced the legislature, upon the recommendation of the commissioners of the code, to settle, by legislative enactment, the rule of law as laid down substantially by the circuit judge. That enact-

The People *v.* McCauley.

ment we have adopted in this state. Section 377 of the act to regulate proceedings in criminal cases, declares that a challenge for implied bias may be taken, where the person called as a juror has formed or expressed an *unqualified opinion or belief* that the prisoner is guilty of the offense charged. On the trial of a challenge for implied bias, the court is to determine the law and the fact, and to allow or disallow the challenge. (*Sec.* 386 *of act last cited.*) In the present case, the challenge was taken for what is termed in our statute implied bias, and the court, judging of the law and the fact, found that the jurors challenged had not formed or expressed an *unqualified opinion or belief* of the guilt of the defendant, and we think that the court came to a correct conclusion both as to the law and the fact.

The rule as laid down in our statute has been held to be the true rule in numerous decisions. Thus in *The State* v. *Williams* (3 *Stew.* 454) it was held, in a capital case, that it was not ground of challenge of a juror, that he had formed or expressed an opinion, upon common report, of the guilt of the prisoner, if the juror believed that such opinion would have no influence in the formation of his verdict, should the evidence on the trial be different from the report of the facts. To the same effect substantially are the cases of *Pollard* v. *Commonwealth*, (5 *Rand.* 659;) *Brown's case*, (2 *Leigh*, 769;) *Spooner* v. *Commonwealth*, (2 *Virg. Cas.* 375;) *Queensberry* v. *State*, (3 *Stew. & Port.* 308;) *Durell* v. *Mosher*, (8 *Johns.* 445.)

The last objection urged against the legality of the proceedings at the trial, respects the charge of the judge to the jury. Several instructions were given by him, which were excepted to by the defendant's counsel. These instructions are returned on this appeal, but no portion of the testimony given to the jury is returned. The correctness or incorrectness of the charge to the jury cannot be determined, without the court having before it the testimony from which alone can be seen the applicability of the charge. Instructions are always given with reference to the facts proved to the jury, and an instruction that would be perfectly sound in one case, might be unsound in another. The propositions laid down by the court are all cor-

rect in certain cases ; whether they fitted this case cannot be ascertained from the record. If the appellant desired to show that they were incorrect, he should have spread upon the record the testimony or the facts in relation to which the law was laid down by the court.

In conclusion, we have only to add, that the defendant has been convicted by a jury, and that there is nothing in the record before us to induce the belief that he has not had a fair and impartial trial on the merits, or that he has been deprived of any legal or technical benefit or advantage given to him by law.

The judgment of the district court must be affirmed.

Ordered accordingly.