[Crim. No. 304.   Third Appellate District.—February 1, 1916.]

## THE PEOPLE, Respondent, v. SALVATORE CAVALLINI, Appellant.

INTOXICATING LIQUORS—KEEPING PLACE FOR SALE AND DISTRIBUTION—
CHARACTER OF TERRITORY—INFORMATION.—An information charging
a defendant with the crime of keeping and conducting a place for the
sale and distribution of alcoholic liquors in "no-license territory,"
should contain a direct averment that the territory was of such char-
acter, and the date when the ordinance so declaring became effec-
tive should be stated or proven.

ID.—EVIDENCE—KEEPING OF PLACE PRIOR TO DATE ALLEGED—PREJU-
DICIAL ERROR.—In a prosecution for the crime of keeping a place
for the sale and distribution of alcoholic liquors in "no-license ter-
ritory," where it is neither alleged in the information nor proven
at the trial that the territory was "no-license territory" prior to the
date alleged in the information, it is reversible error to admit evi-
dence that the defendant prior to such date kept a place of public
resort where alcoholic liquors were sold and distributed.

APPEAL from a judgment of the Superior Court of
Madera County, and from an order denying a new trial.
W. M. Conley, Judge.

The facts are stated in the opinion of the court.

L. J. Schino, M. H. Edwards, H. Brickley, and H. K. Lan-
dram, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Dep-
uty Attorney-General, for Respondent.

CHIPMAN, P. J.—This case was determined October 29,
1915, and opinion filed on that day.   (21 Cal. App. Dec. 583.)
A rehearing was ordered particularly upon two points: First.
Is the information sufficient to show that the fourth super-
visor district of Madera County was no-license territory?
Second. Was evidence tending to show that defendant kept
and conducted a place where alcoholic liquors were sold on
days prior to September 30, 1914, admissible?

Defendant was convicted and sentenced to pay a fine of
six hundred dollars and to be imprisoned in the county jail

for the period of seven months.  He appeals from the judgment and the order denying his motion for a new trial.

The information reads as follows: "Salvatore Cavallini is accused by the district attorney for the county of Madera, state of California, by this information, of the crime of keeping and conducting a place where alcoholic liquors are kept for the purpose of sale and distribution in 'no-license territory,' committed as follows: The said Salvatore Cavallini on or about the 30th day of September, nineteen hundred and fourteen at and in the said county of Madera, and state of California, and prior to the filing of this information did willfully and unlawfully keep a place of public resort in the fourth supervisor district of Madera County and did keep in said place of public resort for the purpose of sale and distribution in said 'no-license territory,' alcoholic liquors, to wit: beer, whisky, wine and fermet, contrary to the form, force and effect of the statute," etc.

In our former opinion we stated that there should have been a direct averment of the fact that the district mentioned was "no-license territory," and we may here add that the date when the ordinance so declaring took effect should have been stated or should have been proven.  We were, however, influenced in our decision upon the demurrer and also as to the admissibility of certain evidence by a stipulation made at the opening of the trial which we assumed was in effect an admission that the district was "no-license territory" by force of an ordinance passed prior to September 30, 1914, and covering the period to which evidence would relate.  It seemed to us that as the attack made on the information was aimed solely at the omission clearly to allege the existence of an ordinance making the district "no-license territory," this omission might be disregarded where all parties admitted the existence of the ordinance and went to trial pursuant to the stipulation.

It seems, however, that the full record on the subject was overlooked.  The question arose in the first instance on the demurrer to the information which was overruled by the court.

In his opening statement to the jury the district attorney, Mr. Murray, addressing himself to defendant's attorney, said: "I suppose, Mr. Schino, you will admit that the fourth supervisor district on the date alleged in the information was 'dry territory'? Mr. Schino: No, sir; if your Honor please, we

desire to make a formal objection in that respect. If I make that admission I will be bound by it. As quick as the first witness is sworn I desire to interpose an objection covering that proposition, unless your Honor desires me to make the objection at this time. The Court: You may as well make your motion now. Mr. Schino: We will consider it made after the first witness is sworn? The Court: Yes. Mr. Schino: We will object to any testimony being introduced in the case with reference to the fourth supervisor district of Madera County being 'dry territory,' upon the ground that the information does not allege that the fourth supervisor district of Madera County at the time mentioned in the information was in 'no-license territory.' Second: That the information does not allege that any of the enumerated alcoholic liquors contained therein are alcoholic liquors within the meaning of the code, or within the meaning of the local option act under which the defendant is being prosecuted, and upon the same ground as urged at the hearing on the demurrer. The Court: The objection will be overruled. Now, I suppose under the objection you will admit it was 'no-license territory'? Mr. Schino: Yes, we will admit it with the understanding of course, we reserve our objection. The Court: Certainly, that is understood, but he will not have to bring in the records to make the proof? Mr. Schino: Certainly not. The Court: Then, gentlemen of the jury, it is stipulated by and between respective counsel representing the people and the defendant that the fourth supervisor district of Madera County is 'no-license territory.' That will be taken by you as a fact in the case. Mr. Schino: That is on the 30th of September, 1914. The Court: Yes, I have no reference to anything else except as to the date of this information, that is on the 30th of September, 1914, the fourth supervisor district of the county of Madera was in 'no-license territory.' Call your first witness."

The stipulation went no further than an admission that, on September 30, 1914, the district was "no-license territory," and this admission was subject to defendant's objection that evidence showing a violation of the local option law was not admissible, for the reason that the information failed to state a public offense.

Passing for the moment the alleged insufficiency of the information to state a public offense, and assuming that it was

sufficient, the burden was upon the prosecution to show that defendant was guilty as charged on September 30, 1914, for there was no evidence and no admission of the existence of any ordinance declaring the district to be ''no-license territory'' prior to that date. In our former opinion we held that evidence that defendant kept a place of public resort for the purpose of sale and distribution of alcoholic liquors at times prior to September 30, 1914, was admissible as tending to show the character of the place and purpose of defendant on that day. All this evidence went before the jury under defendant's objection. Upon further reflection, and particularly in view of the fact that it was not shown that the district was no-license territory prior to September 30th, we think the evidence was inadmissible and was prejudicial. It was prejudicial for the reason that it constituted substantially all of the evidence upon the fact. Prior to September 30th defendant was lawfully engaged in the business for which he was prosecuted; he had a local and United States revenue license to sell merchandise including liquors; the stock on hand September 30th was rightfully in his possession, and was purchased some time prior to that day. The evidence was that the officers seized quite a quantity of liquors at his place of business on the mentioned day, but the purpose for which he was then keeping the place and the liquors was left to be determined by the jury from the evidence that he had for some months previously been keeping there a place of public resort at which liquors were sold and distributed.

The case is as if the no-license ordinance had taken effect on September 30th, and defendant was found then to be in possession of a quantity of liquors. The local option law does not forbid the keeping of intoxicating liquors; the offense consists in keeping them for the purpose of sale and distribution in no-license territory. The prosecution sought to establish this purpose and the jury were to infer such purpose from the fact that defendant had at that place for some months previously been conducting the business of selling and distributing liquors. From the doing of a lawful act the jury were to infer an intention to do and the doing of an unlawful act. Such an inference could not, we think, have legitimately been drawn, and certainly would not be sufficient to overcome the presumption of innocence. Because defendant was lawfully

29 Cal. App.—34

conducting the business complained of on September 29th, and was found on the 30th still in possession of the place and the merchandise, the jury were to infer the commission of the offense charged.

The court instructed the jury that "the mere shipment of alcoholic liquor, if any, to the defendant in no-license territory, is not of itself sufficient to establish guilt in a case of this kind," and "that the mere keeping of alcoholic liquors in 'no-license territory' by defendant at his home, or upon his premises where he resides (his family resided on the same lot where his place of business was situated), is not unlawful in itself, . . . " but it must appear "that it was the intention or purpose of said defendant to sell or distribute such liquors in said no-license territory"; also that, "under the law of this state, it matters not in what quantities alcoholic liquors are kept in a place in no-license territory, by any person, so long as the same are not kept for the purpose of sale and distribution." The court, however, instructed the jury that they were "to consider all the evidence in the case," which, of course, included the evidence of defendant's having for some months prior to September 30th kept a place of public resort for the purpose of selling and distributing alcoholic liquors. If the jury had not been permitted to consider the evidence of prior acts and conduct, and had followed the instructions, the possession alone of the liquors on September 30th could not have been regarded by the jury as evidence of guilt. We do not mean to hold that prior acts and conduct tending to show the character of the place and the purpose of defendant would not have been admissible had the ordinance been in effect at the time to which such evidence related. Introduced not to prove distinct and separate offenses, but as tending to show the purpose of defendant at the time of the alleged offense, we think such acts and conduct would be admissible.

If there had been some substantial evidence that on September 30th defendant was keeping a place of public resort for the purpose of selling and distributing alcoholic liquors, the evidence of which we are now speaking might have been admissible as tending to support the evidence as to what the defendant was doing on the 30th of September. What we hold is that, upon the facts appearing, the verdict was not sus-

tained by evidence alone of prior acts, and evidence of such acts should not have been admitted.

As the judgment must be reversed, we do not find it necessary to consider the sufficiency of the information, as, doubtless, should there be another trial, it will be amended so as to obviate all question.

The judgment and order denying defendant's motion for a new trial are reversed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1916.