[Crim. No. 378. Third Appellate District.—April 21, 1917.]

THE PEOPLE, Respondent, v. M. D. NOLAN, Appellant.

CRIMINAL LAW—TIME OF COMMISSION OF OFFENSE—CONSTRUCTION OF STIPULATION OF COUNSEL.—In a prosecution for selling alcoholic liquors in no-license territory, a stipulation entered into by counsel at the close of the people's case that the district mentioned in the indictment is no-license territory is sufficient to establish that the district was no-license territory at the time of the commission of the offense.

ID.—INTERPRETATION OF STIPULATIONS.—The rules applicable to the construction of contracts generally govern the courts in their interpretation of stipulations, and such a construction will be placed upon them as will render them reasonable and just to both parties, and a construction that would make them frivolous and ineffectual avoided, if possible.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. C. Hurley, and Lilburn I. Gibson, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was convicted of the crime of selling alcoholic liquor in no-license territory, upon indictment found by the grand jury of Mendocino County. He appeals from the judgment of conviction and from the order denying his motion for a new trial. The charging part of the indictment is that defendant, "within the boundaries of the Fourth Supervisor District of the said county of Mendocino, and outside the corporate limits of any city or town," at the hour of 8 o'clock P. M., on April 17, 1916, "did then and there willfully and unlawfully sell, furnish, and distribute alcoholic liquor to one Emil Baroni said supervisor district being then and there no-license territory under the law of the state of California, contrary," etc.

The prosecution introduced several witnesses whose testimony tended to establish the truth of the charge and, when about to close for the people, the following appears in the record: "Mr. McCowen (after consulting with attorneys for defendant): It is stipulated that Mendocino City is in the fourth supervisor district, that it is not an incorporated town and that the fourth supervisor district is no-license territory. Mr. Gibson (attorney for defendant): Yes."

The only point now made on the appeal is that there is no evidence showing that the said district was no-license territory on April 17, 1916, the date of the alleged sale of liquor as charged in the indictment. The indictment was found on May 6, 1916, and the trial took place October 10, 1916, at which time the above stipulation was made.

Defendant cites *People* v. *Cavallini*, 29 Cal. App. 526, [156 Pac. 73]. In that case the point was raised on demurrer to the information that it failed to allege the existence of the ordinance at the time the selling of the liquor was alleged to have occurred.

In his opening statement to the jury the district attorney, addressing himself to defendant's attorney, said: "I suppose, Mr. Schino, you will admit that the fourth supervisor district on the date alleged in the information was 'dry territory?' Mr. Schino: No, sir, if your Honor please, we desire to make a formal objection in that respect." After a colloquy between the district attorney, defendant's attorney and the judge, the following appears: "The Court: Then, gentlemen of the jury, it is stipulated by and between respective counsel representing the people and the defendant that the fourth supervisor

district of Madera county is 'no-license' territory. That will be taken by you as a fact in the case. Mr. Schino: That is on the 30th day of September, 1914. The Court: Yes, I have no reference to anything else except as to the date of this information, that is on the 30th of September, 1914, the fourth supervisor district of the county of Madera was in 'no-license territory.'" It was in view of this state of the record that the following was said by the court in reviewing the case: "The stipulation went no further than an admission that, on September 30, 1914, the district was 'no-license territory,' and this admission was subject to defendant's objection that evidence showing a violation of the local option law was not admissible, for the reason that the information failed to state a public offense." It was held, correctly, we still think, that it was necessary to allege in the information that at the time the offense was committed the district was "no-license" territory. The averment in the present indictment meets that requirement.

The only question, then, is, Can we say that the stipulation was intended to refer to the averment in the indictment that at the time the offense was committed the district mentioned was "no-license territory?"

We must assume that the district attorney knew that it was necessary to establish the truth of the material averments of the indictment, and that one of such averments was the existence of the no-license ordinance at the time of the alleged offense. He made his proofs as to the alleged violation of the ordinance by defendant, and then turned to defendant's attorney to counsel with him as to proving the remaining facts and was met by the stipulation.

"The rules applicable to the construction of contracts generally govern the courts in their interpretation of stipulations, and thus stipulations will receive a reasonable construction with a view to effecting the intent of the parties." (36 Cyc., p. 1291.) "A construction will be placed upon the stipulation which will render it reasonable and just to both parties rather than unreasonable and unjust; and a construction will be avoided, if possible, which will make the stipulation frivolous or ineffectual." (20 Am. & Eng. Ency. Pl. 658.) The stipulation, as interpreted by defendant, might not make it frivolous, but would make it wholly ineffectual for any purpose. "Where the language of one party may be understood in more

senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the other party.'' (Ibid., p. 660; and this is the rule stated in section 1649 of the Civil Code.) It is also stated, among other rules, that the stipulation is to be interpreted with reference to its subject matter, in the light of the surrounding circumstances, including the state of the pleadings, the allegations therein and the attitude of the parties in respect of the issues. (20 Am. & Eng. Ency. Pl., p. 659.) There were but two principal issues presented—first, did defendant sell intoxicating liquor in the fourth supervisor district of said county as charged? Second, was the district at that time no-license territory? Proof was made of the first issue and we think it reasonable to assume that the parties understood the stipulation to cover the second issue. It can hardly be doubted that the district attorney had reason to suppose it was so understood by defendant's attorney.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.