DAVID T. WILENTZ, attorney-general of the State of New Jersey, complainant,

*v.*

SEARS, ROEBUCK & COMPANY, a corporation, defendant.

[Decided June 15th, 1934.]

*Mr. J. Raymond Tiffany,* for the complainant.

*Messrs. Lum, Tamblyn & Fairlie,* for the defendant.

(The bill by the attorney-general seeks to enforce "The code of fair competition for the retail rubber tire trade in the State of New Jersey," against Sears, Roebuck & Company, by compelling them to comply with the code in respect of sales prices fixed by the code, which are higher than the national code, with which Sears, Roebuck & Company are complying.)

BACKES, V. C. (Orally.) I should hesitate to dispose of the cause upon the purely technical defect that

the governor failed to certify certain essential facts required by the statute in adopting the code with which we are dealing, nor will it be disposed of upon constitutional grounds. It will be assumed that the legislature had the power to do what has been done, that it was done in a constitutional manner, that the title is adequate and that the legislature had the power to delegate to the governor the duties it imposed upon him. These questioned matters may go unanswered. The point decided is that the code adopted under the statute is fundamentally defective. The purpose of the act is, as its title indicates, to co-operate with the federal government under the national act, which has for its object national recovery from the long depression. One of the provisions, substantially, is that the federal code shall be the code of this state. That is obviously vicious legislation. We cannot draft the laws of another sovereignty, another state or of the nation, as the law and the guide for our people. Our legislature must declare the law. A statute, no doubt, could be passed to conform to federal regulations, but the national code cannot be made law by reference; in other words, our legislature could follow the federal government's policy, but it, itself, must enact the law, not adopt it. Now, if we lift out of the statute, as counsel suggests, this illegal clause, will it not emasculate the title of the act and the act itself, in its aim to co-operate with the federal government in carrying out the federal design? The federal code is so interwoven with our legislation, incorporated in it, and our statute predicated upon it, that it cannot be withdrawn without destroying ours entirely. Our statute emulates the federal act, and it requires that our code be consistent with the federal code. It goes further; if the governor approves a code to carry out the provisions of the national code, his code is superseded by any the president may thereafter approve. That is the effect.

It appears by the bill that the president approved a code which calls upon the trade to sell tires not below a certain discount of a standard fixed by the Goodrich Rubber Company—the floor level of seventy-two and one-half. In disregard of the mandate of the legislature that the delegated

power was one of co-operation with the federal government, and that codes shall be consistent with the federal code (meaning substantially the same, not different), the governor approved a code of a floor level of one hundred. The power delegated to the governor was not the one he exercised; he exceeded his authority. The governor, of course, approved upon the recommendations of the acting code administrator and the so-called code authority. There can be no injunction.

It may be that the legislature or a code authority duly created, has the power to fix prices for tires irrespective of the national code. As I read the United States supreme court opinion in the New York milk case, I think differently from counsel's interpretation of it, that the regulation of the price of milk in New York was warranted upon the theory of a commodity affected with a public interest. It is my impression that the supreme court went further than that and held that if the legislative reason be the protection and the welfare of the people, it may regulate the price of any commodity. I think the opinion goes that far. I speak of it because of counsel's argument the other day that rubber tires are not affected with a public interest, as milk is thought to be; but it would seem from that opinion that in price fixing of commodities, the commodity need not be affected with a public interest, that it is not necessarily a factor, and that governments may, to insure the safety and happiness, the comfort and welfare of its people, fix the prices of any essential article. That element, however, is not in this case and need not be dwelt upon further. An injunction will be denied and the bill dismissed.

Mr. Tiffany—Do I understand your honor to find that the act in so far as it refers to the codes of the federal government being filed in this case, that that is unconstitutional?

The Court—I said so, but I didn't find it. I didn't have to. I assumed the constitutionality of the act in all its parts. You argued in your brief that it was unconstitutional and could be lifted out of our act and the act still be a whole piece of valid legislation. I said it was vicious legislation. That is, the adoption of the laws of another state or of the nation

as a part of our act was improper; it cannot be introduced into our legislation by reference. We may adopt the spirit, but we can't make the law by injecting into our statutes a reference to the United States code or Minnesota law and calling it our law. The legislature must establish its own standards; it may follow those created by the federal government, but it cannot draft them, it must enact them.

Mr. Tiffany—It may re-enact them?

The Court—The legislature must say to our people what the law is, it cannot refer them to the United States laws and say that is our law, that is your law and you must obey.

Mr. Tiffany—The point of the dismissal is the inconsistency of the two codes, in prices.

The Court—Yes. Lifting out the evil part, the criterion established by the legislature would then be this: That the governor co-operate with the president, and do nothing inconsistent. The president says the price level shall be seventy-two and one-half. The governor says it shall be one hundred. That is inconsistent with what the president has declared. You argue that the state code may be varied, having regard for local conditions. The local conditions feature does not apply to price fixing. There is no local condition so far as price is concerned. The condition in New Jersey is no different from the condition in any other state.

Mr. Tiffany—I have in mind a condition quite *dehors* the case. The press will carry your honor's opinion and I want it made quite plain in their presence that the dismissal of the bill was not upon the claim of its unconstitutionality, but that New Jersey had fixed prices higher than those of the federal government, which could not stand.

The Court—The press usually reports accurately and is always careful not to report anything that happens in court which may be of public injury or result in misconception. The court may be wrong but, as a western judge once said, it is never in doubt as to that. And as to the legislature: I think the act was drawn as well as it could have been in the circumstances, at the time, as those responsible conceived the situation to be. Under judicial scrutiny, its weaknesses

come to the fore. The legislature could have passed an act which would have been invulnerable to the present attack. Now, that you may understand and the press not misunderstand: Assuming all to be constitutional—every step taken to be constitutional—there was a limitation by the legislature upon the governor's authority to approve a code that should not be inconsistent with the code prescribed by the nation. The governor's code is fatally inconsistent. This is a national recovery, an effort by the nation to recover, not by New Jersey or New York or any other subdivision of the nation, but by and for the whole nation, and if New Jersey is to help, it must follow the lead set by the president of the United States; and so the legislature said to the governor.