WILL OF KOEHRING: ZIESE, Executrix, and another, Respondents, vs. TAX COMMISSION and another, Appellants.

*February 7—March 7, 1939.*

For the appellants there were briefs by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, *Oliver L. O'Boyle,* corporation counsel, and *Ira S. Lorenz,* special counsel, and oral argument by *Harold H. Persons,* assistant attorney general.

For the respondents there was a brief by *Zimmers, Randall & Zimmers,* attorneys, *Henry H. Bodenstab,* guardian *ad litem,* and *Ernst von Briesen,* attorney for a creditor, all of Milwaukee, and oral argument by *Wilke M. Zimmers.*

FRITZ, J. The ultimate issue herein is whether the state is entitled to priority of payment over general creditors on its claim for income taxes against the insolvent estate of Philip A. Koehring, deceased. At the time of his death in 1931, he was delinquent in the payment of the income tax which had been assessed on his income for 1930, as reported

by him. Sec. 313.16, Stats. 1931, relating to the payment of debts in probate proceedings, provides (so far as here material), that if, after the payment of the court's allowances to the widow and minor children, etc., the assets of an estate, which can be used to pay debts, are insufficient after paying the expenses of administration, the debts shall be paid in the following order: "(a) The necessary funeral expenses; (b) the expenses of the last sickness; (c) debts having a preference under the laws of the United States; (d) wages due to workmen, clerks or servants which have been earned within three months before the date of the death of the testator or intestate, not to exceed three hundred dollars to each claimant; (e) debts due to other creditors;" and that (2) "no creditor of any one class shall receive any payment until all of those of the preceding class shall be fully paid."

The Tax Commission contends that by reason of the provision in sub. (c) giving preference to "debts having a preference under the laws of the United States" over the claims of general creditors, there is applicable herein the provision in the Bankruptcy Act, title 11, ch. 7, § 104, USCA, that "(a) the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality, in advance of the payment of dividends to creditors." On the other hand, the executors of the estate contend that the legislative attempt to create a preference by reference in a state statute to an act of congress is invalid because it is an unlawful attempt to delegate the law-making power vested in the legislature. The proposition involved in that contention was considered in *Ex parte Burke,* 190 Cal. 326, 212 Pac. 193; *People v. Frankovich,* 64 Cal. App. 184, 221 Pac. 671; *Santee Mills v. Query,* 122 S. C. 158, 115 S. E. 202; *Wilentz v. Sears, Roebuck & Co.* 12 N. J. Misc. 531, 172 Atl. 903; *State v.*

*Larson,* 10 N. J. Misc. 384, 160 Atl. 556; 59 C. J. p. 618, § 172.

However, it is not necessary to pass upon the foregoing contentions because, in the absence of any statute to the contrary, there is applicable to the state's claim for the tax, the rule that "at common law the crown, by prerogative right and independently of any statute was entitled to priority of payment over general creditors for all debts, taxes and other demands against the estates of insolvent debtors." *Woodyard v. Sayre,* 90 W. Va. 295, 296, 110 S. E. 689, 24 A. L. R. 1497. That rule, as is also stated in that case, "seems to have been recognized and followed in this country by a long line of decisions, state and federal, with but one or two exceptions, since the government of the United States was established. . . ." *In re Assignment of Milwaukee S. & W. Co.* 186 Wis. 320, 323 *et seq.,* 202 N. W. 693, this court said :—

"sec. 1700, Stats. [relating to the payment of claims in voluntary assignment proceedings], in referring to the priority of claims for taxes and other preferred claims, is largely declaratory of the common law. . . ."

"The proceeds derived from taxes are an essential to the maintenance of the government, and this consideration lies at the basis of the government's priority. Such priority was inherent in the common law of England before we became independent. As is said in *Central Trust Co. v. New York C. & N. R. Co.* 110 N. Y. 250, 18 N. E. 92 : 'There is great force in the claim that the state has succeeded to all the prerogatives of the British Crown so far as they are essential to the efficient exercise of powers inherent in the nature of civil government, and that there is the same priority of right here, in respect to the payment of taxes, which existed at common law in favor of the public treasury.' "

"34 Cyc. 346 states the rule as to receivers as follows: 'Generally, taxes constitute a claim upon the assets in the hands of a receiver superior to every other claim except costs.' See, also, 1 Clark, Receivers, p. 909, sec. 827."

See also *Marshall v. People,* 254 U. S. 380, 41 Sup. Ct. 143, 65 L. Ed. 315; *State v. Bank of Maryland,* 6 Gill & J. 206, 26 Am. Dec. 561; *United States Fid. & G. Co. v. Rainey,* 120 Tenn. 357, 113 S. W. 397; *Littleton's Appeal* (1880), 193 Pa. 177; 3 Cooley, Taxation (4th ed.), p. 2453, § 1231; note in 51 A. L. R. 1356.

There is no express provision in the Income Tax Act, ch. 71, Stats., as to a preference for an income tax. However, it is provided in sub. (6) of sec. 71.095, Stats., in respect to income received by an executor or administrator of the estate of a decedent, after the latter's death, and also in respect to income which he received during prior years still open to audit under secs. 71.10 and 71.11, Stats., but as to which he had not filed a return, that upon returns to be made by the executor or administrator of such unreported income the assessor of incomes shall determine and certify to the court the amount of taxes to be paid thereon; and that, until a receipt of the Tax Commission evidencing such payment was filed with the court, no application for the settlement of the executor's or administrator's final account and his discharge from his trust shall be granted. Thus, by that inhibition, there is required,—at least by implication,—the payment of taxes upon income of the deceased or his estate, which he had not reported, if there are assets available for the payment of claims against the estate. Those taxes would have to be paid even though there are not sufficient assets to pay other debts. But the executors contend that because taxes assessed on income which had been reported by the deceased are not expressly included under the terms of sub. (6) of sec. 71.095, Stats., the inhibition and implied requirement and preference thereunder does not also extend to taxes assessed on income which the deceased reported. That contention is not sound. There is no reason why the common-law rule as to the state's right to priority in the payment of

taxes should not be as applicable to a tax on income which had been reported by the deceased as it is to a tax on his unreported income or on the income of his estate after his death; and, in the absence of a clear and unambiguous statute specifically denying the state's right of priority, its right thereto exists as to all taxes by virtue of the common law. Consequently, the order under review must be reversed with directions to enter an order requiring the executors to pay in full the unpaid balance of the income tax.

*By the Court.*—Order reversed with directions to enter an order in accordance with the opinion.