[Crim. No. 472. Second Appellate District.—May 11, 1916.]

THE PEOPLE, Respondent, v. J. R. McLEOD, Appellant.

CRIMINAL LAW—PERJURY—FALSE STATEMENT IN ANSWER—AUTHORITY OF NOTARY.—In a prosecution for perjury based upon an alleged false statement in a verified answer in a civil suit, the defense that the notary who took the affidavit was not shown to be qualified because it was not proven that he had given the bond required by law, although his commission and oath of office were introduced in evidence, cannot be maintained, as his act in administering the oath would be valid as the act of a *de facto* officer.

ID.—PROOF OF SIGNATURE.—The testimony of the notary that he had seen the defendant write, and that in his opinion the signature attached to the affidavit in question was that of the defendant, was sufficient proof of the genuineness of the signature; and the certificate of the notary—that is the *jurat* attached to the affidavit— was also sufficient to furnish *prima facie* evidence of the making

of the affidavit in the manner charged, the notary's act being authenticated by his official seal.

ID.—ARGUMENT OF DISTRICT ATTORNEY—STATEMENT THAT EVIDENCE OF PROSECUTION IS UNCONTRADICTED.—In a prosecution for perjury it is not misconduct on the part of the district attorney in his argument to state that the testimony of the chief witness for the prosecution is uncontradicted, he also stating that the defendant was not compelled to take the stand, where there had been no evidence offered in defense.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Ralph F. Graham, and Russell Graham, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of the crime of perjury. An appeal is taken from the judgment of imprisonment and from the order denying a motion for a new trial. The alleged false statements appeared in an answer filed by appellant to a complaint in a civil action then pending against him in the superior court of Los Angeles County. This answer bore an affidavit of verification in the usual form from which it appeared that the defendant there, this appellant, made oath to the same on the first day of May, 1914, before Fred W. Heatherly, a notary public in and for the county of Los Angeles. It is first claimed that there was no sufficient proof that Heatherly at the time the oath was administered was a qualified notary public. Heatherly was called as a witness. The question was asked him as to whether he was at the time specified in the affidavit a notary public, to which question an objection was sustained. Whereupon the commission issued by the Governor of the state appointing the said Heatherly as a notary public, which commission was dated April 26, 1913, was introduced in evidence. There was also introduced in evidence the record of the county clerk of Los Angeles County showing that Heatherly had taken and subscribed the oath of office in due form. The fault

found with this proof was that no showing was made that the notary had ever given the bond required by the statute. The absence of this proof we do not think was available to sustain the point made by the appellant, for the reason that, assuming that no such bond was given, the acts of Heatherly would be valid as the acts of a *de facto* officer. It has been so expressly held in other jurisdictions. (*Keeney* v. *Leas and Lyon*, 14 Iowa, 464.) The question there arose as to the admissibility of depositions taken before a notary before he had performed all the acts of qualification after appointment. The depositions were ruled out by the trial court, which ruling was reversed on appeal, and it was held that the notary as a *de facto* officer was authorized to take depositions. To be sure, it is remarked in that case that the court did not determine whether the witnesses whose depositions were taken could for false swearing be convicted of perjury. That such a conviction would necessarily be sustained seems plain; otherwise no validity could be attached to the acts of the notary *de facto*. The depositions were admissible as statements made under oath, or they were not admissible at all. A case not direct to this point, but of incidental argumentative weight, is that of *Reavis* v. *Cowell*, 56 Cal. 588.

Further objection is made that there was no sufficient proof as to the signature of appellant to the affidavit of verification, or as to his having taken the oath certified by the notary. It appeared by Heatherly's testimony that he was the attorney for appellant in the particular action in which the verified answer referred to was filed. Heatherly was indeed vague in his statements as to what transpired upon the taking of the verification of the answer. He stated that he had no independent recollection of the facts, and that the presence of his certificate and signature were the only matters which suggested to him any connection with the transaction. He did, however, state that he had seen the appellant write, and gave it as his belief, or opinion, that the signature attached to the affidavit was that of this appellant. That testimony, we think, aside from the weight to be given to the certificate itself, was sufficient to furnish some evidence of the fact that appellant subscribed the affidavit. (Code Civ. Proc., sec. 1943.) And we think further that the certificate of the notary—that is, the *jurat* attached to the affidavit—was sufficient to furnish *prima facie* evidence of the making

of the affidavit by McLeod, in the manner charged. (*Baldwin* v. *Bornheimer*, 48 Cal. 433.) The acts of a notary public authenticated by his official seal, as was the affidavit in this case, when performed within the line of the duties appertaining to his office, are accepted as first instance proof by the courts and, unless contradicted, may be sufficient. There was no evidence offered on the part of defendant tending to prove that he did not make the affidavit and take the oath as the notary's certificate gave evidence of. The fact that it was shown without dispute and sufficiently that the notary was the attorney for the appellant in that case, and that the verified answer was filed and used therein, were circumstances which were of some corroborative value in making out proof of those elements of the charge which have hereinbefore been discussed.

As to the sufficiency of the evidence going to show the falsity of the matters set out in the verified answer, we are satisfied that the proof was such as to authorize a verdict of guilty. There was evidence, both direct and circumstantial, which furnishes support to all of the conclusions which the jury was required to make before returning the verdict which it did.

It is claimed that the district attorney in his argument to the jury transcended a right of the defendant when he made reference to the fact that no evidence had been introduced in opposition to that furnished by the prosecution. Herein it is claimed that as the defendant was not compelled to be a witness, any reference to that fact by the prosecutor in argument was prejudicial to his right to a fair trial. The remark objected to consisted of this statement by the deputy district attorney: "Mr. Brennan's [referring to the chief witness for the prosecution] statement is uncontradicted. The defendant does not have to take the stand." The district attorney was perfectly justified in his assertion that the testimony of the prosecution was uncontradicted, for there had been no evidence offered in defense. His further statement that the defendant was not obliged to take the stand on his own behalf was merely a declaration as to the law and was favorable to the defendant. Furthermore, at the defendant's own request, the court gave an instruction to the jury which embodied this statement: "The defendant is not required to prove his inno-

cence, nor is he required to take the stand as a witness himself, unless he desires so to do. . . ."

An examination of the record and of the points urged by counsel for the appellant does not disclose any error which warrants a judgment of reversal.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.