[Crim. No. 924. Third Appellate District.—November 29, 1926.]

THE PEOPLE, Respondent, v. J. C. CALVERT, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUOR—COMMON NUISANCE—JUDG-MENT—EVIDENCE.—In this prosecution for maintaining a common nuisance, the evidence was sufficient to support the judgment of conviction.

[2] ID. — REFUSAL OF DEFENDANT TO BE WITNESS — EFFECT OF. — The fact that a defendant in a criminal action or proceeding neglects or refuses to be a witness cannot in any manner prejudice him nor be used against him on the trial or proceeding.

[3] ID.—UNCONTRADICTED TESTIMONY—INQUIRY DIRECTED TO DEFEND-ANT — MANNER OF DELIVERY — ASSIGNMENT — RECORD. — In such a prosecution, if an alleged inquiry by the district attorney, asking why the witness-stand was not taken and the purchase of whisky on the premises in question was not denied, was, as claimed on appeal, dramatically addressed directly to the defendant, defendant's counsel should have immediately cited the statement and its manner of delivery as misconduct and by appropriate language described the manner of delivery so the record would show the assignment and an opportunity given the court to see that the citation in the record is a correct narration of the actual occurrence.

[4] ID. — COMMENT ON EVIDENCE — RIGHT OF DISTRICT ATTORNEY—AB-SENCE OF PREJUDICE.—A district attorney is permitted to point out that certain evidence of the prosecution stands uncontradicted, and in such prosecution the district attorney, in asserting that the prosecution's evidence as to the purchase of liquor was not denied, did not overstep his rights, but even if he did, there was no miscarriage of justice.

---

(1) 33 C. J., p. 770, n. 17, 19, 20.   (2) 16 C. J., p. 901, n. 35. (3) 16 C. J., p. 902, n. 51, 52; 17 C. J., p. 170, n. 12.   (4) 16 C. J., p. 903, n. 61; 17 C. J., p. 302, n. 55.

2.  See 27 Cal. Jur. 25; 2 R. C. L. 428.
4.  See 8 Cal. Jur. 269; 2 R. C. L. 432.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. George H. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Donald E. Wachhorst and Wallace Shepard for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PULLEN, J., *pro tem.*—The defendant herein was charged and convicted of maintaining a common nuisance and from the judgment of conviction and the order overruling defendant's motion for a new trial he prosecutes this appeal.

It appears from the evidence that on and for some time prior to November 28, 1925, appellant was conducting a place of business in Sacramento County, ostensibly as a restaurant and soft-drink parlor. That the appellant was so operating and conducting the place of business is sufficiently established by the evidence, it appearing therefrom that the name of appellant was on a sign outside the building and a witness testified that frequently during the year prior to the 28th of November he had seen appellant in and about the premises serving food to the patrons in the restaurant, and particularly is this evidence sufficient in view of the fact there was no evidence offered controverting the fact of management and control other than, of course, the presumption of innocence, raised by the plea of not guilty.

About two weeks prior to the day in question a deputy constable saw men and women going into the restaurant or cafe and upon looking through the window saw defendant serve a man and woman with a dark liquid in what is commonly known as whisky glasses and saw the parties drink the liquid from the glasses and saw the appellant open and close the cash register. Upon a subsequent occasion and about a week before the arrest of appellant a witness testified she bought from appellant at the premises in question three drinks of whisky. On the night of the arrest certain witnesses testified to seeing through a window

a number of persons being served by appellant with liquid of some kind in whisky glasses. The officers immediately entered and appellant was found standing in a small room adjacent to the dining-room with a bottle of liquor in his hand and a man near by holding an empty whisky glass. The liquid contents of the bottle in appellant's possession was by analysis found to contain a very large percentage of alcohol of high degree. Shortly after the arrest and while defendant in the custody of a peace officer was arranging for a bail bond, he stated to the officer that he "would never sell another drop."

[1] The foregoing briefly is the testimony adduced at the trial and is set forth in some detail for the reason that one of the grounds urged by the appellant is the insufficiency of the evidence to sustain the conviction, but as to that point the testimony, if believed by the jury, was amply sufficient to sustain the judgment.

Appellant urges that the prosecution failed to prove the essential elements of the charge of maintaining a common nuisance, namely, that the liquor was "kept on the premises and was sold, kept or bartered habitually, continually or recurrently." (*United States* v. *Butler,* 278 Fed. 677.)

It is true that a single sale as such standing alone is not sufficient upon which to predicate a charge of nuisance, but here there were other circumstances which, if believed by the jury, and taken into consideration with the statement of appellant to the arresting officer and the direct proof of sale to the witness Mrs. Wade of the three drinks of whisky, are sufficient to establish a *prima facie* case of nuisance.

The point urged by appellant to which he devotes the most attention in his brief is the alleged misconduct of the district attorney in commenting upon the fact that the appellant did not take the witness-stand during the trial.

[2] That the neglect or refusal of a defendant in a criminal action or proceeding to be a witness cannot in any manner prejudice him nor be used against him on the trial or proceeding is declared by section 1323 of the Penal Code. The reason for this enactment is well expressed by Mr. Justice Field in the case of *Wilson* v. *United States,* 149 U. S. 60 [37 L. Ed. 650, 13 Sup. Ct. Rep. 765, see, also, Rose's U. S. Notes], wherein he says:

"At common law no one accused of crime could be compelled to give evidence in a prosecution against himself, nor was he permitted to testify in his own behalf. The accused might rely upon the presumption of the law that he was innocent of the charge, and leave the government to establish his guilt in the best way it could.

"This rule, while affording great protection to the accused against unfounded accusation, in many cases deprived him from explaining circumstances tending to create conclusions of his guilt which he could readily have removed if permitted to testify. To relieve him from this embarrassment the law was passed. . . . '' (Giving him the right if he so desired of testifying on his own behalf.)

"But the Act was framed with a due regard also to those who might prefer to rely upon the presumption of innocence which the law gives to every one, and not wish to be witnesses. It is not every one who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove prejudices against him. It is not every one, however honest, who would therefore willingly be placed on the witness stand. The statute, in tenderness to the weakness of those who from the causes mentioned might refuse to ask to be a witness, particularly when they may have been in some degree compromised by their association with others, declares that the failure of the defendant in a criminal action to request to be a witness shall not create any presumption against him."

Appellant quotes from the record a number of instances occurring in the argument of the district attorney and during the taking of the testimony. One instance is as follows:

"But, nevertheless, her testimony is not denied; there was three people there when the drink was purchased, and nobody has denied that the drink was purchased, and I take it that you will accept that testimony, unless you say Mrs. Wade is not capable of telling the truth. Now, that issue is preliminary— Mr. Shepard, interposing: I hate to interrupt the District Attorney, but— Mr. Henderson, inter-

posing: She admitted she had a drink of whiskey, why didn't you take the stand and deny it? Mr. Shepard: I ask that the Court instruct the jury to disregard any statement regarding any witnesses not taking the stand."

Appellant claims that the foregoing was dramatically addressed directly to the appellant, and if so, an appellate court should not hesitate to reverse the case, but the record does not so show. [3] If such an incident took place counsel should immediately cite the statement and its manner of delivery as misconduct and by appropriate language describe the manner of delivery so the record will show the assignment and an opportunity given the court to see that the citation in the record is a correct narration of the actual occurrence; otherwise, of course, the record of the reporter shows merely the words and not the objectionable dramatic attitude, gestures, emphasis, or other act complained of. There is no such record before us, and, in fact, the record seems to indicate that both court and counsel did not at the time construe the pronoun "you" as referring to the defendant, but rather was used as a pronoun addressed to Mr. Shepard as counsel personifying the defense.

Numerous other excerpts are cited by appellant from the argument of the district attorney to the jury to the effect that certain testimony of the prosecution stood uncontradicted, and as Justice Chipman said in the case of *People* v. *Wademan,* 38 Cal. App. 116, 133 [175 Pac. 791, 797]:

"The defendant is not required to testify in a criminal case and the statute is intended to prevent the prosecuting officer from taking advantage of the defendant by reason of his failure or refusal to testify. The reviewing courts have very properly held it to be prejudicial error for the district attorney to call the attention of the jury to the fact that the defendant has not testified in his own behalf and to comment on the fact as warranting the inference that his silence is evidence of guilt. The district attorney should not be permitted by indirection to accomplish what the law frowns upon when done directly. And where his address to the jury shows on its face that the district attorney intended to invite attention to the failure of the defendant to take the witness-stand and deny the charge and had the apparent effect to emphasize such fact and suggest an in-

ference of guilt, such conduct should receive quick condemnation.''

In this case of *People* v. *Wademan* the district attorney in his address to the jury said:

''If her story was contradicted, you might be in doubt, but the defense has left the story stand where it is unimpeached and undisputed, and when you go into the jury room to consider whether the girl was telling the truth, ask yourself this question: 'Is her testimony contradicted by a single witness in this case?' and I say 'No.' Under those circumstances, gentlemen of the jury, you have got to believe that girl, you cannot do anything else.''

This was in our opinion a stronger statement than the remarks assigned as misconduct in the case before the court and there the court used these words:

''We do not think, however, it can fairly be claimed that the district attorney intended to invite attention to the fact of defendant's not having testified or to suggest any inference deducible from the fact. In speaking of the testimony of the prosecutrix in the way he did he had a right to claim that it was uncontradicted and that no witness had been called to impeach her testimony. . . . We cannot say that the remarks of the district attorney were so far prejudicial as to justify a reversal.''

[4] In view of the authorities construing section 1323 of the Penal Code, the district attorney is permitted to point out that certain evidence of the prosecution stands uncontradicted (*People* v. *Kromphold,* 172 Cal. 512 [157 Pac. 599]; *People* v. *Wademan,* 38 Cal. App. 116 [175 Pac. 797]; *People* v. *McLeod,* 30 Cal. App. 435 [158 Pac. 506]), and from an examination of the foregoing we do not believe the district attorney overstepped his rights.

In view of the evidence which to our minds clearly shows that the appellant was maintaining a common nuisance as charged, we do not believe that, even if the allusions of the district attorney in his argument somewhat overstepped the bounds laid down by the Penal Code and the ethics of a prosecuting attorney, there has been a miscarriage of justice.

The judgment and the order are affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1927.

Waste, C. J., Richards, J., and Langdon, J., voted for a transfer.