[Crim. No. 2960. First Dist., Div. One. Mar. 24, 1954.]

THE PEOPLE, Respondent, v. JOHNNIE GARCIA LOPEZ, Appellant.

Lois B. Preston for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of robbery while armed with a deadly weapon, defendant has appealed from the judgment and from the order denying his motion for new trial.

He claims insufficiency of the evidence, errors of law in the admission and exclusion of evidence, misdirection of the jury in matters of law, prejudicial interrogation of defendant by the trial judge, and prejudicial misconduct on the part of the district attorney and the court.

(1) *The asserted insufficiency of the evidence relates to the identification of defendant as the robber.*[*]

The offense occurred at a gasoline service station attended by one Lewis Boyce. Boyce testified he was working at the station when a car occupied by two people drove in about 2 a. m.; defendant, the passenger in the car, got out and asked Boyce to fill the tank with ethyl; the gas cap was locked and neither the driver nor the defendant could locate the key, so they drove off; about 15 minutes later defendant returned on foot; there was no car present this time; Boyce was transferring money from the cashbox to a floor safe; defendant had a gun in his hand which appeared to be a .32 caliber and demanded the money, amounting to about $105, which Boyce turned over to him; defendant told Boyce to go into a back room and stay there until defendant got away and not to notify the police, took Boyce's keys from him, and then left; the lighting at the station was very good.

This evidence is sufficient. Defendant challenges it on the basis, it would appear, that Boyce was an inaccurate observer or had a poor memory because, defendant asserts, Boyce could "not identify any amount of silver money, could not identify the amount of currency that was in the safe . . ., does not recall whether the sales that evening were mostly

---

[*]Defendant does question the adequacy of proof that the robber was in possession of a deadly weapon (a pistol), upon the ground that the pistol was not produced. It was not necessary to produce the pistol. The testimony of the person robbed was sufficient.

cash or charge accounts, did not know the amount of currency in the safe . . ., as to how many twenty dollar bills there were, tens, fives or ones.'' That is the type of challenge which defendant makes concerning the testimony of Boyce and that of Officer Girard, which we need not detail further. ▉ These were matters for the consideration of the triers of the facts in weighing the evidence and evaluating the testimony, not for appraisal by the reviewing court in the absence of anything which even tends to show that the testimony was inherently unbelievable. (See *People* v. *Farrington*, 213 Cal. 459, 463 [2 P.2d 814]; *People* v. *Harsch*, 44 Cal.App.2d 572, 575 [112 P.2d 654]; *People* v. *Castro*, 68 Cal.App.2d 491, 494-495 [157 P.2d 25].)

(2) *As to asserted errors committed during the course of the trial*, defendant quotes a number of excerpts from the reporter's transcript, without specifying as to any of them wherein the asserted error lies, and then says that ''during the entire trial, the trial judge did not permit full objections to evidence, but ruled before an objection was made, and made expressions which are reflected in foregoing testimony, which prejudiced the defendant'' in the minds of the jury; and ''that the court erred in its ruling upon the evidence, in that it permitted cross-examination of defendant as to facts not brought out on direct examination . . .''

The portions of the transcript thus commented upon by defendant are summarized below. We do not find in them any cause for reversal. ▉ It is the duty of the trial judge to interrogate a witness when the occasion warrants it but he may not take a witness out of the hands of his counsel and proceed along an independent and extensive line of examination and cross-examination. (*People* v. *Boggess*, 194 Cal. 212, 241 [228 P. 448].) We are convinced that that principle was not here violated. The passages quoted do not represent a continuous line of examination or series of comments by the court. They are isolated instances occurring in various portions of 227 pages of testimony. In each instance there appears to have been a proper occasion for comment or interrogation by the court.

Concerning the circumstances under which Boyce identified the defendant at police headquarters, Boyce was asked whether the inspector said anything to him regarding the defendant. An objection was made on the ground that no foundation had been laid to show that defendant was present. The court overruled the objection, saying that a ''yes''

or "no" answer was proper. The next question asked was whether defendant was in the robbery detail at the time. The court then restated the question asking Boyce to tell what happened within the presence and hearing of the defendant. Boyce answered, saying that the man was brought in and the inspector asked if that was the man, to which he answered "Yes, that is the man." The fact that defendant was then present, heard Boyce's identifying statement and said nothing, neither denying Boyce's statement nor telling Boyce that he was wrong, appears from defendant's own testimony upon cross-examination. We fail to see any possible prejudice to the defendant.

Boyce, on cross-examination, testified that he did not know how much money was in the cashbox when he came on duty. Defendant's counsel asked him again if he knew how much was in the cashbox. The court interposed, saying "He says he doesn't know. I am wondering how much farther you can go when he says he doesn't know. Wouldn't it be speculative, any additional answer that he might give to you?" Defendant's counsel responded, "All right." We perceive no error here.

Asked by defendant's counsel if he did not remove any funds from the cashbox to the safe before 2 o'clock, Boyce responded, "No, ma'am." The court interposed, "do you mean that you did not?" and the witness replied "I did not before 2:00 o'clock, yes." That merely served to clarify the answer.

When Boyce was asked how many cars came into the station that night, the court said "Over what period of time?" Defendant's counsel responded, "From 11:00 o'clock until 2:00 o'clock," and proceeded with the interrogation of the witness. Again we find no error.

Defendant's counsel asked Boyce whether defendant wore a dark or light suit when he came to the station and the court said "He has already testified to that, that it was dark blue. Isn't that right?" and the witness said, "Yes, sir." It is not desirable for the court to interfere with the examination of a witness but on this occasion we do not see that it was prejudicial to the defendant.

Defendant testified he arrived at his home at 1:30 that evening. His counsel then asked, "Q. You did not go out again—— A. No. Q. Is that correct? . . .——" Whereupon the court commented, "I don't think you expected that

answer. 'You did not leave after that?' And then you said 'Is that correct?' And he says, 'No' which gives it an affirmative answer.'' Counsel then reframed the question and got an unmistakably clear answer. Why defendant thinks he should complain of that, is inexplicable. ·

Defendant had testified upon cross-examination that he had talked about this case with his mother but not with his father except after he was out of jail. Then when asked if shortly after the day of the offense he had a conversation with his father in which the latter told him that the inspectors were asking whether defendant was home that night, his counsel objected on the ground of not proper cross-examination. Upon the overruling of the objection he said he had no such conversation with his father. This apparently was outside the scope of the direct examination. We do not see that his negative answer was prejudicial to him.

A question whether defendant owned a pistol was allowed over the objection that it was not proper cross-examination. It was allowed as a preliminary question (subject to motion to strike if not connected up) in view of the fact that upon direct, defendant had answered ''No'' to this question: ''. . . did you at 2:00 o'clock in the morning on October 23rd, 1952, go to a Standard Oil station at Fell and Van Ness and hold up Mr. Boyce?'' and the information charged robbery while armed with a pistol. The district attorney then restated the question, asking defendant if he owned a pistol on October 23, 1952. Defendant answered ''No'' and was next asked if he owned a pistol during the few weeks prior to that time, which was objected to as highly prejudicial. The objection was overruled and he answered ''No.'' The district attorney then asked defendant if he had ever told anyone that he could pawn pistols, during the period just preceding October 23d. An objection to this question was sustained by the court as to its form. The defendant was then asked if he had told anyone that he had pistols which he could pawn. He answered, ''No.'' To the objection, the court stated that the answer was in and that the question was accepted as preliminary, subject to a motion to strike.

Defendant said he was at the Orpheum Bar, Eighth and Market, prior to 1:30 upon the evening in question. To the question, ''That is how far from Van Ness and Market?'' his counsel objected that it called for the conclusion of the witness. The objection was properly overruled. He·answered, ''Around seven or eight blocks.'' After a few more questions, cross-

examination ended and defendant's counsel had no further questions. The court then interrogated the witness further as to the distance and defendant revised his estimate to "about three blocks."

The court then asked several questions concerning defendant's knowledge as to what he was being held for at the time Boyce identified him when he was brought into the room at police headquarters. The district attorney then took over the questioning and asked defendant whether he knew that an attempt was to be made to identify him as the person who committed robbery. Defendant answered "no," but that he knew that an attempt was to be made to identify him. He claimed that he was not told that he was being identified as a robber. In answer to the district attorney's question he said he told the inspector, "It didn't make any difference. I didn't do it." Q: "Didn't do what?" A: "Didn't rob anybody or do anything." Q. "Then you knew you were being charged with a robbery?" A: "No, sir." This questioning was objected to on the ground that it called for a conclusion and was an attempt to put words in the defendant's mouth. The objection was overruled. The court then asked the defendant what he meant when he said he didn't do it. The answer was "Didn't do anything. Period."

We conclude that in none of these instances did the trial judge abuse his power to interrogate witnesses. He did not indulge in such questioning as could have interfered with defendant's presentation of his case. He did not indicate bias either by question or by comment. Nor did he prejudice the defendant by permitting cross-examination beyond the scope of the direct examination. Moreover, now to claim prejudice, defendant should have made appropriate and timely objection during the trial, which he did not. "Counsel's correct course was to except to the ruling or to the language to which he objected and to move to strike from the record any prejudicial remarks of the court and to request that the jury be instructed to disregard them. (*People* v. *Galuppo*, 81 Cal. App.2d 843, 849 [185 P.2d 335] ; *People* v. *Mendez, supra* [193 Cal. 39, 46 (223 P. 65)].) Failing thus to establish his record, in vain will he assail the conduct of the trial judge." (*People* v. *Harris*, 87 Cal.App.2d 818, 827 [198 P.2d 60].)

(3) *Defendant claims prejudicial misconduct upon the part of the district attorney and the court* but the record shows that such a claim is without foundation.

The principal incident to which defendant directs attention in this regard is a discussion between court and counsel concerning a question defendant's counsel wished to ask upon cross-examination of one of the arresting officers concerning a conversation he had with the defendant's parents as to the whereabouts of defendant the night the offense was committed.

The district attorney objected that it was not proper cross-examination. After some discussion, the district attorney suggested, defendant's counsel agreed, and the court concurred, that it would be desirable to complete the discussion in the absence of the jury. The jury was excused and the court entertained an offer of proof. There ensued considerable discussion, as the result of which the court ruled that the question was proper. The jury was recalled, the question was asked, the witness answered, and then defendant's counsel announced she had no further questions of that witness.

The other acts of asserted misconduct were rulings upon questions which had been asked and answered, and a few instances in which the court suggested that defendant's counsel make certain of her questions, upon cross-examination of Boyce, more specific; all, it would appear, quite proper and appropriate.

The judgment and the order appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.