[Crim. No. 3371.   First Dist. Div. Two.   Mar. 21, 1958.]

THE PEOPLE, Respondent, v. EMMETT HOLLAND, Appellant.

584

John W. Bussey for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerney, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was charged in four counts with violations of the Health and Safety Code, all dealing with prohibited offenses in connection with narcotics. The jury failed to reach a verdict on Counts 1 and 2 and those counts have been dismissed. Appellant was found guilty on Count 3 (sale of heroin on August 23, 1956) and Count 4 (maintaining a place for sale etc. of narcotics, Health & Saf. Code, § 11557).

The sales charged were testified to have been made to one Marge Hackney, a female narcotics addict. Since the charges on Counts 1 and 2 have been dismissed we shall detail only the evidence relating to Counts 3 and 4.

On August 23, 1956, Miss Hackney was thoroughly searched by a policewoman about 12:30 p.m. She was given $20 in identified currency and was driven to the corner of Ellis and Hollis Streets in San Francisco by state narcotic agents. She was under constant observation from the time that she left the state automobile until she entered a barbecue stand operated by appellant at 1404 Fillmore Street. While Miss Hackney turned a corner in going to this stand, as soon as she left the sight of the officers who drove her to Ellis and Hollis Streets she came under the observation of other officers stationed on Fillmore Street. These latter officers saw her enter the barbecue stand where she talked to appellant. No other person was present in the stand at that time. During the conversation appellant was observed to stoop down behind the counter and rise again. The hands of Miss Hackney and appellant were not visible to the witnesses. Without approaching any other person Miss Hackney left the barbecue stand and returned to the automobile where she handed the agents a package containing heroin. A subsequent search by a policewoman disclosed that Miss Hackney no longer had the $20 which had been given to her.

Testimony was given of another transaction on the same date in which Miss Hackney met appellant and his wife on the street and returned to the officers with another package of heroin. No objection was made to the introduction of this evidence.

Similar testimony was introduced, over objection, that on August 27 and on September 5 Miss Hackney went to the barbecue stand with marked money and returned with heroin. On these occasions there were several people present with some of whom Miss Hackney was seen to converse. On neither occasion did the witnesses see the appellant.

■ Appellant's first contention is that there is a fatal variance between the indictment and the proof since the transcript of the testimony before the grand jury shows that the witnesses there referred to the informer-purchaser as a man while in the trial court they testified that the informer-purchaser was a woman. When this fact developed in the trial court appellant's attorney (not the counsel representing him on appeal) made no motion or objection on the ground of this variance, nor did he ask the trial court for a continuance nor suggest that he was prejudiced in any way. His present counsel argues prejudice in having to meet an unexpected charge but no such showing was made in the trial court and it is too late to advance this claim for the first time on appeal. ■ A defendant waives his right to object to an alleged variance between pleading and proof by failing to raise the objection in the trial court. (*People* v. *Blankenship,* 103 Cal.App.2d 60, 66 [228 P.2d 835] ; *People* v. *Yachimowicz,* 57 Cal.App.2d 375, 380 [134 P.2d 271] ; *People* v. *Abila,* 137 Cal.App. 26, 28-29 [29 P.2d 796].)

We heartily disapprove of the conduct of these witnesses, but they testified that the informer whom they had spoken of in the masculine before the grand jury was in truth Marge Hackney and appellant's trial counsel chose to discredit them by emphasizing this discrepancy on cross-examination rather than to urge the variance as now is done by the present counsel on appeal. Appellant was fully advised that he was meeting the charge of making sales to Marge Hackney (no purchaser was named in the indictment and appellant concedes that on its face it sufficiently charged the offenses) and we cannot find that he suffered any prejudice in this regard. The proof offered shows sales to Marge Hackney and appellant is fully protected against further charges based on the same offenses. (*People* v. *Leiva,* 134 Cal.App.2d 100, 103 [285 P.2d 46].)

■ Appellant made no objection to the admission of evidence of the second sale on August 23. He is in no position to urge error in the admission of evidence to which he made no objection below. (*People* v. *Dessauer,* 38 Cal.2d 547, 552 [241 P.2d 238].) Nor when the prosecutor stated to the jury in his argument that the sale on August 23 at the barbecue stand was the offense charged in Count 3 and the later sale on that date was the subject of a separate indictment against appellant and his wife did he make any objection or motion. The matter is not of that character which a proper admonition from the trial court might not have cured and counsel's failure

to object in the trial court precludes his now raising those questions on appeal. (*People* v. *Sutic,* 41 Cal.2d 483, 496 [261 P.2d 241].)

■ Appellant complains of the refusal of the trial court to allow him to try an experiment with a penny in a bag to test the powers of observation of a witness who had identified packages of heroin in court. The trial judge has a wide discretion in controlling experiments and we find no error in this action.

■ Appellant was permitted on cross-examination to develop that the witnesses in testifying before the grand jury knowingly described Marge Hackney by masculine pronouns and falsely testified that one of them searched "his" person when they knew this was done by policewomen. They complain that the cross-examination was unduly restricted because of the sustaining of objections to questions characterizing this conduct as "perjury" and by other epithets. Appellant's counsel was permitted to show the character of the testimony before the grand jury and its falsity in the particulars noted and we cannot find any prejudice in the rulings of the court in this connection on repetitious questions argumentative in form. (*People* v. *Apodaca,* 132 Cal.App.2d 340 [282 P.2d 182].)

■ We find no prejudicial error in the fact that the trial judge developed from one of the witnesses that it is the policy of the Bureau of Narcotics to keep secret the identity of informers if possible. The trial judge has a right to question witnesses to develop facts which he deems pertinent. (*People* v. *Boggess,* 194 Cal. 212, 241 [228 P. 448] ; *People* v. *Lopez,* 124 Cal.App.2d 100, 102 [268 P.2d 171].)

Alleged errors in connection with Counts 1 and 2 cannot have prejudiced appellant since he was not convicted on those counts. These and other minor alleged errors need not be noticed.

■ Appellant contends that the evidence was not sufficient to support the convictions. As to Count 3 the evidence, while entirely circumstantial, is sufficient. From the facts that Marge Hackney entered the barbecue stand with money and without narcotics, met no one therein but appellant, appellant's stooping behind the counter while facing Miss Hackney and the fact that Marge Hackney left the barbecue stand without money and with narcotics, the jury could reasonably draw the inference that appellant sold the narcotics to Miss Hackney.

■ We must agree with appellant's contention that there is no substantial evidence to support his conviction of the violation of section 11557, Health and Safety Code. That section reads: "It is unlawful to open or maintain any place for the purpose of unlawfully selling, giving away or using any narcotic."

There is no evidence that this barbecue stand was opened for the prohibited purpose. ■ To constitute the offense of "maintaining" there must be some purpose of continuity in the use of the place for the proscribed illegal conduct. (*People v. Mehra,* 73 Cal.App. 162, 167-168, 170-171 [238 P. 802]; *People v. Calvert,* 80 Cal.App. 50, 52 [251 P. 244]; *Reynolds v. United States,* 282 F. 256, 258; *Hattner v. United States,* 293 F. 381, 382; *Gavin v. State,* 199 Ind. 38 [154 N.E. 872, 873-874]; *State v. Gastonguay,* 118 Me. 31 [105 A. 402, 403]; *State v. Kepler,* 77 Mont. 307 [250 P. 603, 605]; *State v. Jenkins,* 66 Mont. 359 [213 P. 590, 593].) In *People v. Mehra, supra,* the court said (73 Cal.App. 170-171):

"The better reasoning, we think, supports the holding that in addition to possession . . . there must be shown to establish the fact of maintaining a common nuisance, a series of sales or a single sale, accompanied by such attendant circumstances as reasonably raise the inference of the purpose for which the possession of the intoxicating liquor is had, or possession, in connection with surrounding circumstances, such as the large quantity of liquor on hand, the various kinds of liquor, the containers in which it is kept, the character of the place, the manner in which it is fitted up, the use of passwords in gaining access to the premises, evidence of people visiting the place in unusual numbers or at unusual times, all of which may reasonably raise the inference of a purpose to sell and sufficiently support the charge of maintaining a common nuisance."

So in *People v. Calvert, supra,* the court said (80 Cal.App. 52): "It is true that a single sale as such standing alone is not sufficient upon which to predicate a charge of nuisance. . . ."

■ Here we have proof of a single sale by the appellant in the barbecue stand and no other evidence of any conduct with which the appellant is in any way connected which would furnish any ground for an inference that appellant was maintaining the stand for the purpose of selling narcotics. The two other sales of narcotics at the barbecue stand were not proved to have been made by appellant, by an employee of

appellant or with the knowledge of the appellant. The testimony is clear that appellant was not seen by any witness at the time either of the other sales was made. In the only cases cited by the People a series of sales by the defendant and other circumstances personally brought home to the defendant's knowledge were proved which would reasonably support the inference that he was "maintaining" the place for the prohibited illegal purpose (*People* v. *Pera,* 36 Cal.App. 292 [171 P. 1091] ; *People* v. *Nolan,* 34 Cal.App. 545 [167 P. 642] ; *People* v. *Frankovich,* 64 Cal.App. 184 [221 P. 671]) and in the recent case of *People* v. *Cannon,* 148 Cal.App.2d 163 [306 P.2d 589], the proof showed a series of circumstances, recited at page 168, which taken together reasonably supported the inference of "maintaining" the place for the illegal purpose.

From all of the cases herein cited on the subject the rule is clear that evidence of a single, isolated instance of the sale of narcotics, standing alone, without any other corroborating circumstances of which the defendant is shown to have any knowledge, is not legally sufficient to prove that he was "maintaining" the place at which the single sale was made for the purpose of selling narcotics.

The evidence of the other sales at the barbecue stand was limited in its admission by the trial judge to the purpose of showing "the character of the place." Since knowledge of these sales was not in any way brought home to appellant it was insufficient for that purpose. However we can find no prejudice to the appellant insofar as the conviction on Count 3, the sale by him, is concerned since the evidence was not introduced in support of that count and was expressly limited by the court to such value as it might have in establishing the character of the place under Count 4.

Judgment and order denying new trial on Count 3 affirmed. Judgment and order denying new trial on Count 4 reversed.

Kaufman, P. J., and Draper, J., concurred.