[Crim. No. 19877. Second Dist., Div. One. Dec. 7, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD WILLIAM ROESCHLAUB, Defendant and Appellant.

**COUNSEL**

Marvin S. Cahn for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Douglas B. Noble, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**LILLIE, J.**—Defendant was charged in count I of a six-count information filed against five defendants, with offering to sell LSD, a restricted dangerous drug (§ 11912, Health & Saf. Code); the trial court found him guilty of a violation of section 11557, Health and Safety Code, a lesser and necessarily included offense. He appeals from the judgment.

A few weeks prior, Deputy Alexander purchased mescaline and LSD from several codefendants, and on July 28, 1969, met codefendant Brady and negotiated with him for the purchase of one gram (4,000 tabs) of LSD for $2,800. That afternoon Brady told him that his "connection" would deal only in a six-gram (24,000 tabs) quantity at a price of $18,000, whereupon it was agreed that Alexander could bring a third party into the transaction. Thus, on July 30 Alexander, Beltrand (an informant) and Federal Agent Lasardi met with Brady and codefendant Hirsch; Alexander told them Lasardi wanted to go in on the transaction, the six-gram purchase was acceptable and to set up the deal, but first they wanted samples of what they were buying; Hirsch said he would leave samples with Brady. On August 2, around 5:30 p.m., Deputy Alexander went to a certain location where Brady gave him four tabs instead of the 10 promised and arranged to further discuss the six-gram purchase. At 2 p.m. on that day Alexander again met with Brady, Hirsch and codefendant Marvin; Hirsch having expressed doubts that he had the money, Alexander took him to a place where Beltrand and Lasardi were waiting with the $18,000; after counting the money Hirsch called "Ron" and had a conversation with "Ron's" wife Debbie who wanted to talk to Alexander; Alexander talked with Debbie and when he finished Hirsch gave him a phone number and an address where he would meet him at 6 p.m. for a discussion of the transaction with "Ron." At 5:45 p.m. Alexander called the number and asked for "Ron"; a male identified himself as "Ron," Alexander said he was "Uncle Bill" and was to talk to him about a sale that night, and "Ron" answered, "Yes, I know who you are. Come on over." Alexander went to the address, an apartment where "Ron" lived; "Ron," identified as defendant herein, Debbie and Brady were present.

Alexander asked defendant if he had the LSD and if the deal could go; defendant said he first wanted to ask him some questions and asked where he was going to deal the LSD and in what quantity and how long he had been dealing whereupon Alexander answered he was there to buy LSD and not to answer questions. Defendant left the room with Debbie and Hirsch and telephoned his "connection" Dave; defendant told Alexander his "connection" wanted to talk to him; an hour later Dave arrived; Dave, defendant and Hirsch talked together first in the rear of the residence, then Dave

asked Alexander the same type of questions defendant had earlier asked; Alexander replied he was there to buy LSD, not to play 20 questions; after a discussion about the amount, Dave asked defendant how much money was involved and defendant said $14,400; Alexander then asked defendant why he was paying $18,000 and defendant replied that the $3,600 "additional was for overhead and expenses"; finally Alexander asked Dave if he would deal or not and he answered he could do the six grams without any problems and that he (Alexander) should call defendant later "to set up a final appointment for the sale." The next day Alexander called defendant at his home and asked him if the deal was on or not; defendant replied that the deal was off because they felt that one of Alexander's partners was a state narcotics agent.

■ Appellant contends that the evidence is insufficient to support the conviction of a violation of section 11557, Health and Safety Code, because (1) such offense is not lesser and necessarily included in a violation of section 11912 in that the former requires proof of a continuity of purpose in maintaining a place for the sale of drugs which element is irrelevant to an offer to sell narcotics; and (2) no such proof was offered here. There is no merit to his claim because on the facts of this case and as to him a violation of section 11557 is a lesser and necessarily included offense in that charged; even if this were not true, no reversal is indicated for the evidence would have supported a conviction under section 11912 and supports his conviction under section 11557, and defendant offered the stipulation, accepted by the trial court and relied on by it in making its finding, that as to him a violation of section 11557 is a lesser and necessarily included offense in that charged.

The punishment prescribed in the two sections demonstrates that a violation of section 11557 is the lesser offense. The statute punishes one who "maintains any place for the purpose of unlawfully selling . . . any narcotic" by county jail sentence of not more than one year or imprisonment in the state prison for not more than 10 years. (§ 11557, Health & Saf. Code.) Under section 11912 every person who offers to sell any restricted dangerous drug except upon medical prescription shall be punished by imprisonment in the state prison for a period of five years to life with a minimum three-year sentence. While it is true that the former offense may not be one included in the latter since it requires proof that defendant maintained a particular place for the purpose of unlawfully selling contraband (*People* v. *Holland,* 158 Cal.App.2d 583, 589 [322 P.2d 983]) and that for the latter no particular place need be involved and one could be guilty of selling restricted dangerous drugs although not maintaining a particular place for such sales, a violation of section 11557 could be an offense included in a violation of section 11912 if the evidence in the par-

ticular case showed that defendant sold the contraband at a place he maintained for that purpose. The evidence supports a finding that in this particular case a violation of section 11557 was a necessarily included offense in that with which defendant was originally charged (§ 11912).

Likewise the record supports defendant's conviction under section 11557, as well as a violation of section 11912. Although it has been held that a single isolated instance of the conduct proscribed by section 11557 will not support a finding of "maintaining" a place for sale of a narcotic, since the purpose of the statute contemplates continuity in the pursuit of such objective (*People* v. *Horn,* 187 Cal.App.2d 68, 72 [9 Cal.Rptr. 578]; *People* v. *Holland,* 158 Cal.App.2d 583, 588-589 [322 P.2d 983]), additional "circumstances surrounding" the proscribed conduct may be sufficient to establish the offense. (*People* v. *Clay,* 273 Cal.App.2d 279, 283-284 [78 Cal.Rptr. 56].) Negotiations that took place between Deputy Alexander and defendant at defendant's home in the presence of the co-defendants on August 4 constitute the single instance. In addition the surrounding circumstances—the necessity for Alexander to go to defendant's home to close the deal (the amount of LSD offered for sale at $18,000 is hardly an amount that would be sold on the street or in a public place), defendant's conversation with Alexander in the former's home and in the presence of the codefendants who obviously conducted the preliminary negotiations for defendant, defendant's searching questions of Alexander, the fact that defendant's "connection" called by him immediately came to defendant's home to see Alexander, defendant's disclosure to Alexander that the difference between the $14,400 mentioned by his "connection" and the $18,000 Hirsch quoted him "was for overhead and expenses," arrangements with Alexander in defendant's presence that he was to call defendant at his home later to set up the final sale and the final communication by Alexander with defendant at his home by telephone the next day in which defendant told him the deal was off—compel the conclusion that defendant was in fact "maintaining" the premises for the purpose of selling LSD. The trial judge's comment on the probation hearing reflects this view of the evidence at the time he found him guilty of a violation of section 11557, that defendant "was more involved than just permitting the use of his apartment. He was there and was actually engaged in his apartment. They were using his apartment. It was a little bit more than that . . . He actively took part."

■ But even if it can be said that defendant was convicted of a crime not included in the original charge, reversal is not required under the circumstances of this case because the transcript of the testimony taken at the preliminary hearing contains evidence that would have supported a finding of guilt of the crime charged on the theory that an offer was made by

defendant to sell LSD to Alexander (*People* v. *Allen,* 254 Cal.App.2d 597, 602 [62 Cal.Rptr. 235]) or at the very least that defendant aided and abetted the making of the offer to Alexander within the meaning of section 31, Penal Code, making him guilty of a violation of section 11912, and, as hereinabove set out, of the crime of which he was convicted (§ 11557, Health & Saf. Code). (*People* v. *Francis,* 71 Cal.2d 66, 74 [75 Cal.Rptr. 199, 450 P.2d 591].) Further, defendant as much as asked the trial court to find him guilty of a violation of section 11557. At the time the cause was submitted to the court on the transcript of the testimony taken at the preliminary hearing, defense counsel by stipulation concurred in by defendant himself, represented to the trial court that as to him a violation of section 11557 was a lesser and necessarily included offense in that charged.[1] While the People declined to enter into the stipulation, it nevertheless was submitted on behalf of defendant to the court; the court accepted the stipula-

---

[1]"MR. BROWN [deputy district attorney]: It is also my understanding that there will be a stipulation by counsel for Mr. Hirsch and Mr. Roeschlaub as to their side of the necessarily lesser included offense of 11557 of the Health and Safety Code. People would not join in that stipulation, however.

"Is that correct, counsel?

"MR. KNECHT [attorney for defendant Roeschlaub]: I have no objection to that stipulation if the Judge would accept it without the People's stipulation.

"MR. ANDELSON [attorney for defendant Hirsch]: That is my understanding. I would join in with Mr. Knecht.

"THE COURT: That is as to Defendants Roeschlaub and Hirsch.

"MR. KNECHT: Yes.

"THE COURT: We will take the submission on the transcript, and I will accept the stipulation as to those two defendants. Now, what about the third one?

. . . . . . . . . . . . . . . .

"MR. BROWN: Counsel, at this time, you previously indicated you would stipulate and bind each of your clients that as a necessarily lesser included offense as to Defendants Hirsch and Roeschlaub in Count I that a violation of Section 11557 of the Health and Safety Code, a felony, is a necessarily lesser included offense. Counsel do you so stipulate?

"MR. KNECHT: So stipulated on behalf of Defendant Roeschlaub.

"MR. DAVIDSON: I would even stipulate to that on behalf of Defendant Greene.

"MR. ANDELSON: So stipulated on behalf of Defendant Hirsch.

"MR. BROWN: Mr. Hirsch, do you understand that Section 11557 as stipulated to by your counsel is a necessarily lesser included offense of Section 11912 of the Health and Safety Code?

"DEFENDANT HIRSCH: Yeah.

"MR. BROWN: Do you understand that that is having a place or a house that is being used for the furnishing of, in this case, LSD?

"DEFENDANT HIRSCH: Yes.

"MR. BROWN: Mr. Roeschlaub, do you also understand this charge?

"DEFENDANT ROESCHLAUB: Yes.

"MR. BROWN: And do you at this time concur in the stipulation by your counsel that this is a necessarily lesser included offense?

"DEFENDANT ROESCHLAUB: Yes.

"MR. BROWN: And Mr. Hirsch, do you also concur in this stipulation?

"DEFENDANT HIRSCH: Yes.

"MR. DAVIDSON: I will stipulate to that, Mr. Brown."

tion and relying thereon found defendant guilty of a violation of section 11557. In *People* v. *Francis,* 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591], the California Supreme Court held that conviction of possession of marijuana, a crime under the circumstances not included in the original charge of selling and giving away marijuana, did not require a reversal where the preliminary hearing transcript on which the cause was submitted contained evidence that would have supported a finding of guilt of the crime charged and of the crime of which he was convicted, and where defendant acquiesced in a guilty verdict on the lesser offense. In *Francis,* the cause was submitted on the preliminary hearing transcript, no evidence was offered on defendant's behalf, no argument was made by his counsel, defense counsel thanked the judge indicating his feeling that defendant had been given the benefit of being found guilty of a lesser offense and neither defendant nor his counsel made any objection in the trial court to the finding (pp. 74-75). The instant case is far stronger. As in *Francis,* the cause was submitted on the transcript of the testimony taken at the preliminary hearing, defendant offered no defense and did not testify and counsel made no argument, but in addition, defendant offered the stipulation that as to him section 11557 was a lesser and necessarily included offense which was accepted by the trial judge who acted thereon. At the time of pronouncement of judgment and sentence, the trial judge reminded defense counsel, who agreed, that "we [defendant and the court] made an arrangement that that would be an included offense . . . simply reducing it to a misdemeanor at your [defendant's] request." It is understandable that neither defendant nor his counsel thereafter made objection at the trial court level to the judge's finding but was satisfied to rely upon the "arrangement" thereby benefiting from the leniency the court showed in reducing the offense to a misdemeanor.

The judgment is affirmed.

Wood, P. J., and Clark, J., concurred.