[No. B015352. Second Dist., Div. Four. May 15, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL STANDARD, Defendant and Appellant.

**Counsel**

Corinne S. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Christine C. Franklin and Patrick T. Brooks, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**RECANA, J.**\*—Appellant, Michael Standard, was charged by information with the sale of cocaine. (Health & Saf. Code, § 11352.) It was further alleged that appellant was convicted on July 5, 1983, of possession of marijuana for sale (Health & Saf. Code, § 11359) within the meaning of Penal Code section 667.5, subdivision (b), and Health and Safety Code section 11370, subdivisions (a) and (c).

---

\*Assigned by the Chairperson of the Judicial Council.

At a bifurcated court trial on his prior conviction, appellant admitted the prior conviction after advisement and waiver of his constitutional rights. The jury found him guilty.

## FACTS

Appellant approached an undercover police officer and told him to pull his car out of the street because "he [appellant] didn't like doing his business in the middle of the street." He told the officer that if he "wanted some cocaine," appellant could get him some, and he would be right back. Appellant walked back toward an apartment where a female, who had earlier approached the officer, had gone. Appellant's female associate returned and gave the officer cocaine. The officer handed her $30 in prerecorded bills.

Appellant was arrested. He had a $10 bill and $20 bill in his left hand which matched the serial numbers of the xerox copy of the bills that the officer gave to the female.

## CONTENTIONS

Appellant contends that the trial court erred in denying his pretrial motion to bar impeachment with his prior felony conviction for possession of marijuana for sale, as the crime does not involve moral turpitude.

## DISCUSSION

## I

This case was tried after *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], which addressed the issue of the effect of Proposition 8 on impeachment with prior felony convictions.

The court declared: "We shall hold that—always subject to the trial court's discretion under section 352—subdivision (f) [of article I, section 28] authorizes the use of any felony conviction which necessarily involves moral turpitude, even if the immoral trait is one other than dishonesty. On the other hand, subdivision (d), as well as due process, forbids the use of convictions of felonies which do not necessarily involve moral turpitude." (*People* v. *Castro, supra,* 38 Cal.3d at p. 306.)

In *Castro,* the jury found defendant Maria Castro guilty of receiving stolen property (Pen. Code, § 496). The trial court denied a pretrial motion to bar impeachment with then unspecified priors. On appeal defendant

contended that she could not be impeached with her prior convictions of possession of heroin and possession of heroin for sale. The court held that simple possession of heroin does not necessarily involve moral turpitude, but possession for sale does. (*People* v. *Castro, supra,* 38 Cal.3d at p. 317.)

Subdivision (f) of article I, section 28 of the California Constitution provides that: "Any prior felony conviction . . . shall . . . be used without limitation for purposes of impeachment. . . ." However, the court said that the due process clause of the Fourteenth Amendment demands that even inferences—not just presumptions—should be based on a rational connection between the fact proved and the fact to be inferred. (*People* v. *Castro, supra,* 38 Cal.3d at p. 313.)

The court quoted Justice Holmes: "'[W]hen it is proved that a witness has been convicted of crime, the only ground for disbelieving him which such proof affords is the *general readiness to do evil* which the conviction may be supposed to show. It is from that general disposition alone that the jury is asked to infer a readiness to lie in a particular case, and thence that he has lied in fact. The evidence has no tendency to prove that he was mistaken, but only that he has perjured himself, and it reaches that conclusion solely through the general proposition that he is of *bad character* and unworthy of credit.'" (*People* v. *Castro, supra,* 38 Cal.3d at p. 314, quoting *Gertz* v. *Fitchburg Railroad* (1884) 137 Mass. 77, 78; italics added.)

■ The prior felony conviction therefore should show a "readiness to do evil" to support an inference of "readiness to lie." Otherwise, impeachment with this prior conviction would violate the Fourteenth Amendment. "Obviously it is easier to infer that a witness is lying if the felony of which he has been convicted involves dishonesty as a necessary element than when it merely indicates a 'bad character' and 'general readiness to do evil.' Nevertheless, it is undeniable that a witness' moral depravity of any kind has some 'tendency in reason' (Evid. Code, § 210) to shake one's confidence in his honesty." (*People* v. *Castro, supra,* 38 Cal.3d at p. 315.)

■ The court specified how the trial court should determine the presence of moral turpitude in the prior conviction. As in the *People* v. *Crowson*[1] line of cases, "a witness' prior conviction should only be admissible for impeachment if the least adjudicated elements of the conviction necessarily involve moral turpitude." (*People* v. *Castro, supra,* 38 Cal.3d at p. 317.) In view of this requirement, appellant asserts that possession of marijuana for sale does not involve moral turpitude since the courts have to review the underlying facts of the particular conviction before they have been able to find the presence of moral turpitude, citing *In re Kreamer* (1975) 14

---

[1] *People* v. *Crowson* (1983) 33 Cal.3d 623, 633-635 [190 Cal.Rptr. 165, 660 P.2d 389].

Cal.3d 524 [121 Cal.Rptr. 600, 535 P.2d 728]; *In re Cohen* (1974) 11 Cal.3d 416 [113 Cal.Rptr. 485, 521 P.2d 477]; and *In re Higbie* (1972) 6 Cal.3d 562 [99 Cal.Rptr. 865, 493 P.2d 97].

However, these cases were decided before Proposition 8. The court in addressing the impact of Proposition 8 concluded that "while simple possession of heroin does not necessarily involve moral turpitude [citations], possession [of heroin] for sale does—though the trait involved is not dishonesty but, rather, *the intent to corrupt others*." (*People* v. *Castro, supra,* 38 Cal.3d at p. 317; italics added.)

The court in *United States* ex rel. *De Luca* v. *O'Rourke* (8th Cir. 1954) 213 F.2d 759, 762, observed: "While it is no doubt true that there may be technical, inadvertent and insignificant violations of the laws relating to narcotics, which do not involve moral turpitude, there can be nothing more depraved or morally indefensible than conscious participation in the illicit drug traffic. . . . Even the federal laws relating to the domestic traffic in narcotic drugs, which were sustained as revenue measures, were recognized as having a *moral purpose* as well as that of raising revenue. [Citations.]" (Italics added.)

There is no question that possession of marijuana for sale constitutes illicit drug trafficking. That is why it is punishable by imprisonment in state prison for sixteen months, two years, or three years. (Health & Saf. Code, § 11359; Pen. Code, § 18.)

It is true that heroin is an opium derivative, and marijuana is a hallucinogenic substance, but both are listed in the Schedule I List of Controlled Substances (Health & Saf. Code, § 11054). The Webster's Third New International Dictionary defines a hallucinogen as a substance that induces hallucinations. Common experience tells us that to sell a substance that induces hallucinations is to corrupt others.

As the trial court correctly pointed out, the difference between the sale of cocaine and that of marijuana may only lie in the degree of corruption, but both have the same intent—to corrupt others. We hold that possession of marijuana for sale involves moral turpitude.

The trial court thereafter engaged in the weighing process of Evidence Code section 352 before concluding that the probative value outweighed the prejudicial effect. It did not err in ruling that appellant could be impeached with his prior felony conviction.

The judgment is affirmed.

Woods, P. J., and Arguelles, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 21, 1986.