[No. H017420. Sixth Dist. Feb. 8, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
MARVEYA VERA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part B.

## COUNSEL

John D. Schunk, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Joan Killeen and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELIA, J.**—Marveya Vera appeals from a judgment of conviction of conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)), namely a violation of Health and Safety Code section 11370 (sale of methamphetamine), and possession of a controlled substance, namely cocaine (Health & Saf. Code, § 11350, subd. (a)), following a jury trial.

On appeal, the defendant contends she received ineffective assistance of counsel because (1) her attorney failed to argue that the least adjudicated elements of her prior conviction of violating Health and Safety Code section 11366[1] did not necessarily establish moral turpitude and, therefore, the conviction was inadmissible for impeachment under *People v. Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111] and (2) her attorney failed to have her stipulate that she knew the substance, which officers found under her bed in the bedroom she had shared with her boyfriend up until shortly before her arrest, was cocaine. She asserts that these steps would have enabled her defense counsel to successfully object to the admission of evidence of her prior conviction of violating section 11366 and of her prior drug use on the ground that such evidence was unnecessary to prove knowledge.

In the published portion of this opinion, we hold that a violation of section 11366 is a crime of moral turpitude.

A. *Moral Turpitude*

Section 11366 makes it a crime to open or maintain "any place for the purpose of unlawfully selling, giving away, or using" specified controlled substances or narcotic drugs.[2] The statute is aimed at places intended to be utilized for a continuing prohibited purpose, and a single or isolated instance of misconduct does not suffice to establish a violation. (See *People v. Shoals* (1992) 8 Cal.App.4th 475, 490 [10 Cal.Rptr.2d 296]; see also *People v. Horn* (1960) 187 Cal.App.2d 68, 70, 72-73 [9 Cal.Rptr. 578]; *People v. Holland* (1958) 158 Cal.App.2d 583, 588-589 [322 P.2d 983]; CALJIC No. 12.08.) "Health and Safety Code section 11366 does not require that the place be maintained for the purpose of selling; it can be violated without selling, merely by providing a place for drug abusers to gather and share their experience." (*People v. Green* (1988) 200 Cal.App.3d 538, 544 [246 Cal.Rptr. 164].)

The defendant seems to suggest that a violation of section 11366 occurs if a person engages in the personal, sequential use of any of the specified

---

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

[2] Section 11366 in full provides: "Every person who opens or maintains any place for the purpose of unlawfully selling, giving away, or using any controlled substance which is (1) specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (13), (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b), (c), paragraph (1) or (2) of subdivision (d), or paragraph (3) of subdivision (e) of Section 11055, or (2) which is a narcotic drug classified in Schedule III, IV, or V, shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison."

substances in his or her residence. We do not read this section to cover mere repeated solo use at home. To "open" means "to make available for entry" or "to make accessible for a particular purpose" (Webster's New Collegiate Dict. (9th ed. 1990) p. 826), and to "maintain" means "to continue or persevere in" (*id.* at p. 718). When added to the word "place," the opening or maintaining of a place indicates the provision of such locality to others.

Subject to a trial court's discretion under Evidence Code section 352, a prior felony conviction is admissible for impeachment if the least adjudicated elements of the conviction necessarily involve moral turpitude, which is a " 'readiness to do evil.' " (*People* v. *Castro, supra,* 38 Cal.3d 301, 314, 315; see Cal. Const., art. I, § 28, subds. (d) [Right to Truth-in-Evidence] and (f) [Use of Prior Convictions].) "Misconduct involving moral turpitude may suggest a willingness to lie [citations]" and, therefore, is relevant to a witness's honesty and veracity. (*People* v. *Wheeler* (1992) 4 Cal.4th 284, 295 [14 Cal.Rptr.2d 418, 841 P.2d 938]; see Evid. Code, § 210.)

The Supreme Court has held that, "while simple possession of heroin does not necessarily involve moral turpitude [citations], possession for sale does—though the trait involved is not dishonesty but, rather, the intent to corrupt others." (*People* v. *Castro, supra,* 38 Cal.3d at p. 317.) The defendant recognizes that California courts have found criminal drug offenses involving sale or transportation or possession for sale are crimes of moral turpitude. (See *People* v. *Standard* (1986) 181 Cal.App.3d 431, 435 [226 Cal.Rptr. 62] [possession of marijuana for sale]; *People* v. *Dossman* (1985) 171 Cal.App.3d 843, 848-849 [217 Cal.Rptr. 728] [possession of controlled substance for sale]; *People* v. *Navarez* (1985) 169 Cal.App.3d 936, 949 [215 Cal.Rptr. 519] [transportation/sale of heroin]; *People* v. *Hunt* (1985) 169 Cal.App.3d 668, 675 [215 Cal.Rptr. 429] [sale of heroin].)

It is true that a violation of section 11366 may be committed by opening or maintaining a place for the sole purpose of unlawfully "using," as opposed to "selling" or "giving away," specified controlled substances or narcotic drugs. However, regardless of which of those prohibited purposes is actually involved, the place is intended to be provided to others for that prohibited purpose. Thus, unlike an offense of simple possession, a violation of section 11366 necessarily evidences moral turpitude because it involves the intent to corrupt others.

B.   *Ineffective Assistance of Counsel*\*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

\*See footnote, *ante,* page 1100.

*Disposition*

The judgment is affirmed.

Cottle, P. J., and Premo, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 12, 1999.