Filed 2/11/16  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOE LANDECHO LOPEZ,<br><br>    Defendant and Appellant. | C077420<br><br>(Super. Ct. Nos. NCR81913, NCR83407, NCR83929, NCR89497) |

Defendant Joe Landecho Lopez was sentenced to state prison after pleading guilty to possession of methamphetamine for sale and maintaining a place to use or sell a controlled substance (Health & Saf. Code, §§ 11378 & 11366, respectively; unless otherwise stated, statutory references that follow are to the Health and Safety Code) and admitting various probation violations.

1

On appeal, defendant contends his state prison sentence should be served in county jail pursuant to Penal Code section 1170, subdivision (h) (Penal Code section 1170(h)), because otherwise his sentence violates the Equal Protection Clause of the United States and California Constitutions. We disagree and affirm the judgment.

FACTS AND PROCEEDINGS

*Case Number NCR81913*

On May 30, 2011, the car in which defendant was a passenger was stopped for a minor traffic violation. Police found a loaded pistol in a holster concealed on defendant's belt, and a number of different controlled substances and a marijuana pipe in defendant's backpack.

Defendant pleaded guilty to one count of transportation of a controlled substance (§ 11352, subd. (a)) in exchange for dismissal of the remaining charges and no immediate state prison.

The trial court granted defendant three years of formal probation subject to specified terms and conditions.

*Case Number NCR83929*

On April 18, 2012, defendant was the subject of a traffic stop. While he stood outside of his car, a glass methamphetamine pipe fell from his waistband. Officers found Tylenol codeine pills concealed between defendant's thumb and index finger, in his cigarette container, and in his pocket, and a hypodermic needle inside his pant leg. A search of the vehicle revealed methamphetamine, concentrated cannabis, marijuana, codeine pills, Vicodin pills, a variety of other unidentified pills, and documents resembling pay/owe sheets.

On April 24, 2012, defendant entered a plea of guilty to transportation of a controlled substance, methamphetamine, (§ 11379, subd. (a)) and transportation of a

2

controlled substance, codeine, (§ 11352, subd. (a)) in exchange for dismissal of all remaining charges.

On May 8, 2012, the probation department filed a petition for revocation of probation in case No. NCR81913. Defendant admitted the violation and the court revoked probation.

On June 25, 2012, the court reinstated probation in case No. NCR81913 and sentenced defendant to 270 days in jail, with 209 days of presentence custody credit. The court granted defendant three years probation in case Nos. NCR83929 and NCR83407 (a misdemeanor conviction) and sentenced him to 90 days to be served consecutive to any other sentence.

Thereafter, the probation department filed a second petition for revocation of probation in case No. NCR81913 on August 23, 2012, and an amended petition on November 14, 2012.

On November 15, 2012, the probation department filed petitions for revocation of probation in case Nos. NCR83407 and NCR83929.

On March 4, 2013, defendant admitted the probation violations in case Nos. NCR81913 and NCR83929. The People withdrew the petition in case No. NCR83407.

On September 3, 2013, the court reinstated formal probation in case Nos. NCR81913 and NCR83929.

On December 10, 2013, the probation department filed a third petition for revocation of probation in case No. NCR81913, a second petition in case No. NCR83407, and a second petition in case No. NCR83929. Those three petitions were later amended.

*Case Number NCR89497*

On January 13, 2014, officers serving a search warrant on defendant's home discovered 19.37 grams of methamphetamine, four methamphetamine smoking pipes, 18

3

syringes, two digital scales, four additional syringes filled with an unknown solution, and a billy club. In the trunk of a car parked outside defendant's home, officers found two pounds of processed marijuana divided into two separate bags, a shotgun, and 11 shotgun shells. Defendant was present in the home along with five other adults, one of whom had the key to the car hanging from a lanyard around his neck. Defendant told officers he lived alone in the residence "off and on" for about five years, but people would show up uninvited and spend the night from time to time.

Defendant was charged by fourth amended information with possession of methamphetamine for sale (§ 11378 -- count 1), maintaining a place for selling or using a controlled substance (§ 11366 -- count 2), possession of methamphetamine (§ 11377, subd. (a) -- count 3), possession of a billy club or blackjack (Pen. Code, § 22210 -- count 7), possession of a smoking device (§ 11364.1, subd. (a) -- count 8), and possession of an injection device (§ 11364.1, subd. (a) -- count 9). As to counts 1, 2, 3, and 7, the amended information alleged defendant was on bail at the time of the offense (Pen. Code, § 12022.1) and, as to count 1, that defendant had prior convictions pursuant to section 11370.2, subdivision (c).

On May 30, 2014, defendant pleaded guilty to possession of methamphetamine for sale (§ 11378) and maintaining a place to use or sell a controlled substance (§ 11366) in exchange for dismissal of all remaining charges. He also admitted violating probation in case Nos. NCR81913, NCR83929, and NCR83407 (a misdemeanor case).

On July 21, 2014, the trial court denied probation in case No. NCR89497, terminated probation in case Nos. NCR81913 and NCR83929, and sentenced defendant to an aggregate term of seven years eight months in state prison as follows: five years (the upper term) for the section 11352 violation, plus a concurrent four-year term for the section 11379 violation in case No. NCR83929; two consecutive eight-month terms (one-third the middle terms) for violating sections 11366 and 11378 in case No. NCR89497; and a consecutive 16-month term (one-third the middle term) in case No. NCR81913.

4

Defendant filed timely notices of appeal in case Nos. NCR81913, NCR83929, NCR89497, and NCR83407, but did not request a certificate of probable cause.

DISCUSSION

Defendant contends his state prison sentence for violating section 11366 (opening or maintaining a place for unlawful sale, use, or distribution of a controlled substance) violates the equal protection clause of the United States and California Constitutions because similarly situated persons convicted of violating section 11366.5 (knowingly managing or controlling a location for unlawful manufacture, storage, or distribution of a controlled substance) are eligible to be sentenced to county jail pursuant to Penal Code section 1170(h).

We find the two classes of violators are not similarly situated and thus the disparity in punishment does not violate the equal protection clause.

A.      *Relevant Statutes*

1.      *Realignment Legislation*

"The Legislature enacted the 2011 realignment legislation addressing public safety (Realignment Legislation) to address a fiscal emergency and public safety by '[r]ealigning low-level felony offenders who do not have prior convictions for serious, violent, or sex offenses to locally run community-based corrections programs . . . .' ([Pen. Code,] § 17.5, as added by Stats. 2011, ch. 15, § 229; see Stats. 2011, ch. 15, § 638; see also *People v. Guillen* (2013) 212 Cal.App.4th 992, 995.) 'Realignment "shifted responsibility for housing and supervising certain felons from the state to the individual counties." [Citation.] Felons eligible to be sentenced under realignment now serve their terms of imprisonment in local custody rather than state prison. [Citations.]' (*People v. Montrose* (2013) 220 Cal.App.4th 1242, 1246.)

"In conjunction with the Realignment Legislation, the Legislature added [Penal Code] section 1170(h). (Stats. 2011, ch. 361, §§ 6, 7, 18.) This newly added subdivision

5

provides in pertinent part that 'a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years' ([Pen. Code,] § 1170(h)(1)) and 'a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense' ([Pen. Code,] § 1170(h)(2)). The Legislature simultaneously amended the default sentencing provision, [Penal Code] section 18, so that criminal punishment, where not otherwise provided, is in state prison for 16 months, two years, or three years 'unless the offense is punishable pursuant to subdivision (h) of [Penal Code] Section 1170,' in which case, imprisonment is in county jail. (Stats. 2011, ch. 15, § 230.)" (*People v. Noyan* (2014) 232 Cal.App.4th 657, 664 (*Noyan*).)

  2.  *Section 11366*

Section 11366, which was not amended by the Realignment Legislation, provides that any person "who opens or maintains any place for the purpose of unlawfully selling, giving away, or using any [specified] controlled substance . . . *shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison.*"

"The elements of the opening-or-maintaining offense are that the defendant (a) opened or maintained a place (b) with a purpose of continuously or repeatedly using it for selling, giving away, or using a controlled substance." (*People v. Hawkins* (2004) 124 Cal.App.4th 675, 680; accord, *People v. Franco* (2009) 180 Cal.App.4th 713, 721-722.)

  3.  *Section 11366.5*

Section 11366.5 was amended in 2011 by the Realignment Legislation. (Stats. 2011, ch. 15, § 164 (Assem. Bill No. 109), eff. Apr. 4, 2011, operative Oct. 1, 2011.) Subdivision (a) of that section provides, "Any person who has under his or her

6

management or control any building, room, space, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, who knowingly rents, leases, or makes available for use, with or without compensation, the building, room, space, or enclosure for the purpose of unlawfully manufacturing, storing, or distributing any controlled substance for sale or distribution *shall be punished by imprisonment in the county jail for not more than one year, or pursuant to subdivision (h) of Section 1170 of the Penal Code*." (Italics added.) Prior to the amendment, a person convicted of violating section 11366.5 could be sentenced to state prison for the specified term (or, if no specified term, for the period prescribed in Penal Code section 18).

"Omitting surplusage, 'any person . . . who knowingly . . . makes available for use . . . the building . . . or enclosure for the purpose of unlawfully manufacturing . . . any controlled substance for sale or distribution . . .' violates section 11366.5, subdivision (a). *People v. Costa* [(1991) 1 Cal.App.4th 1201 (*Costa*)] concluded, correctly in our view, 'A prosecution under section 11366.5, subdivision (a) thus requires proof that the manufacturing which the owner or manager allowed was for the purpose of sale or distribution to others.' (1 Cal.App.4th at p. 1207.)" (*People v. Glenos* (1992) 7 Cal.App.4th 1201, 1210-1211.)

B.    *Equal Protection Analysis*

"The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, ' "[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Brown* (2012) 54 Cal.4th 314, 328.) "The 'similarly situated' prerequisite simply means that an equal protection claim

7

cannot succeed, and does not require further analysis, unless there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714.)

Defendant contends his conviction for violating section 11366 renders him similarly situated to persons who are convicted of violating section 11366.5, subdivision (a), because both statutes concern conduct facilitating violation of drug laws by providing a place to violate those laws. He urges that the principal difference between the two statutes is one (section 11366.5) can only be violated by facilitating the sale or distribution of controlled substances while the other (section 11366) can also be violated by facilitating personal use of a controlled substance.

The People argue persons violating section 11366 are not similarly situated to those violating section 11366.5 because section 11366 requires more direct and active involvement by the perpetrator by punishing for "opening or maintaining" a place for criminal activity and involving continuous or repeated use of such place, whereas section 11366.5 requires less direct and active involvement by the perpetrator because it punishes for "knowingly permit[ting]" the unlawful activity and does not require continuous or repeated use. The People further argue a person could knowingly permit the manufacture or storage of drugs for the purpose of sale or distribution in a building under his management or control without opening or maintaining the place for selling, giving away, or using drugs.

Defendant counters that section 11366 does not require that a person "maintaining a place" for distributing drugs actually be selling or giving away those drugs any more than section 11366.5 requires a person "making available a place" to do so. He further argues that both sections require that the offense be ongoing. Defendant disputes that one could manufacture or store drugs "for the purpose of sale or distribution" without selling, giving away, or using drugs given that section 11366.5, subdivision (a), requires that the

8

manufacture and storage be for the purpose of sale or distribution.  Finally, defendant urges that although section 11366 can be violated by personal use of a controlled substance whereas section 11366.5 cannot, this court's decision in *Noyan, supra*, 232 Cal.App.4th at p. 669 confirms that such a distinction is not a rational basis for treating violators of those two sections differently.

Assuming without deciding that violators of sections 11366 and 11366.5 could potentially be similarly situated, we reject defendant's claim that there is no rational basis for the disparity in the manner in which sentences must be served under the two sections.

Unlike section 11366.5 which can be violated by a single or isolated instance of unlawful activity, the more onerous section 11366 is "aimed at places intended for a continuing course of use or distribution" of controlled substances (*People v. Shoals* (1992) 8 Cal.App.4th 475, 490; *People v. West* (1970) 3 Cal.3d 595, 612; *People v. Vera* (1999) 69 Cal.App.4th 1100, 1102-1103) and which, even in the absence of sales, provide sanctuary for drug abusers to gather and share their experiences (*Vera, supra*, at p. 1102), thus, potentially warranting a more onerous prison sentence.

Defendant's home, in which police found significant amounts of controlled substances and related paraphernalia for continued use and distribution by any number of people coming and going, provided just such a sanctuary.  For that he was charged with, and pleaded guilty to, violating section 11366.  Therefore, his state prison sentence does not infringe on his right to equal protection under the law.

DISPOSITION

The judgment is affirmed.

     HULL     , Acting P. J.

We concur:

     BUTZ     , J.

     DUARTE     , J.

10